### THE STATE v. HARDY JONES.

The Supreme Court has no power to entertain a petition to rehear a criminal action. It never passes judgment in such cases, but only gives its opinion and orders it to be certified to the Court below to be carried into effect by that Court.

A point which the bill of exceptions or case stated shows was not taken in the Court below cannot be taken in this Court.

This is a PETITION to rehear the case of an indictment for murder which was before the Supreme Court at the last term upon an appeal, when an opinion was given that there was no error, and it was ordered that the opinion should be certified to the Superior Court of the county of CRAVEN from which the appeal was taken.

After an argument by the *Attorney General* for the State and *Haughton* for the prisoner, the following opinion of the Court was given :

READE, J. The defendant was tried for murder and convicted, and appealed to this Court. At the last term of this Court we decided that there was no error, and directed that our opinion be certified to the Court below, that that Court might proceed to judgment. At this term of the Court the defendant files a petition to have the case reheard in this Court, upon the ground that his counsel was not present when the case was heard in this Court, and that on that account the attention of this Court was not called to a defense which would have availed him.

Neither the learned counsel for the prisoner nor the Attorney General has been able to cite any authority showing that we have the *power* to rehear the case. In equity cases and in civil actions the practice has been common, but in criminal cases never to our knowledge. In the former cases this Court makes decrees and passess judgments,

$1\frac{1}{2}$

which may be reviewed. But in criminal cases we do not pass judgment. Such cases are sent up for our opinion only which we certify to the Court below, and there our jurisdiction ends.

We should regret this if it appeared that any injustice had been done the defendant, either by reason of the fault of his counsel or the oversight of this Court; but in considering the defense set out in his petition in connection with the record in the case, it is apparent that it could not have availed him if it had been made in this Court upon the hearing.

The defendant was arrested not by a regular officer, but by one deputized for the purpose. And upon the trial below his Honor charged the jury that in order to make the killing of the deputy murder, it must appear that the defendant knew that he was authorized to arrest him, and that unless they were satisfied that the defendant knew that fact, they must acquit him of murder. This was all right. But the defendant in his petition says that there was *no* evidence that he did know it, and therefore it was error in his Honor to leave it to the jury. Suppose that to be so for the sake of the argument, the proper course was for the defendant to move for a new trial upon that ground, and then his Honor would have stated what the evidence was, and we could have reviewed him.

But no such objection was taken below, and therefore could not have been taken here, unless it had appeared in the record. It is true that the record does not state the evidence as to the knowledge of the defendant that the officer was deputized, nor does it state that there was any evidence upon that point. But then it is not usual to state all the evidence, but only so much as is necessary to present the points made below. And we infer that there was evidence of that fact, because his Honor distinctly calls the attention of the jury to it as one thing about which they must

be satisfied ; and this he would scarcely have done if there had been *no* evidence; or if it had escaped his Honor's attention, it would not have escaped the attention of his learned counsel. But no such point was taken below, and no such point was taken upon the hearing in this Court, although the defendant's counsel was attendant upon the Court at that term, and is put down in the report as appearing in the cause, and our recollection is that he did appear, and did argue the case in person, when the case was first called, when there was a *certiorari* ordered. Upon the return of the *certiorari* we suppose the counsel was absent, but a *brief* would have presented the point. But we repeat that the point, if made here and not made below, would not have availed him.

PER CURIAM.          Petition dismissed with cost.