STATE v. MILES HINSON.

*Evidence—Loaded Pistol—Practice.*

1. On trial of an indictment under the act of 1877, ch. 4, for shooting at a railroad car, proof that the pistol discharged by defendant was loaded or that the car was struck, is not necessary to a conviction. If it be unloaded and this is relied on as a defence, the fact must be shown by the defendant.

2. An exception not taken in the court below cannot first be taken in this court.

(*State* v. *Cherry*, 11 Ired., 475 ; *Myerfield*, Phil., 108 ; *Ballard*, 79 N. C., 627 ; *Secrest*, 80 N. C., 450 ; *Green* v. *Collins*, 6 Ired., 139; *Williamson* v. *Canal Co.*, 78 N. C., 156, cited and approved.)

INDICTMENT for a Misdemeanor, tried at Fall Term, 1879, of ANSON Superior Court, before *Seymour, J.*

The opinion contains the facts. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Messrs. G. V. Strong* and *Gray & Stamps,* for defendant.

SMITH, C. J. The bill of indictment drawn under the act of December 5th, 1876, charges the defendant with the offence of unlawfully, wilfully and feloniously shooting with a pistol, a bullet " at, against, and into a railroad car on the Carolina Central Railroad " while in motion, with intent to injure the same, and on the trial he was found guilty. The act declares " that if any person shall cast or throw or shoot any stone, rock, bullet, shot, pellet or other missile at, against or into any railroad car, locomotive or train while the said car or locomotive shall be in progress from one station to another, or while the said car, locomotive or train shall be stopped for any purpose, with intent to injure said car, loco-

motive, or any person thereon or therein, the person so offending shall be guilty of a misdemeanor," &c. Acts 1876–'77, ch. 4.

The evidence was, that while the passenger train was moving from the station at Lilesville on its way to Wilmington, the defendant, at twenty-five yards distance, with a pistol in his hand pointing at the passing cars, exclaimed, "hello train," and fired three times. No other testimony was offered. The defendant's counsel asked the court to charge the jury that there was no evidence of the pistol's being loaded, and they should acquit. The court declined to give the instruction and the defendant excepted, and this is the only exception presented in the record. There is no error.

It was properly left to the jury to infer that the pistol was loaded with shot as well as with powder from the explosions and the use made of the weapon. It may be assumed when a gun or pistol is intentionally aimed at a person within striking distance, that it is charged and capable of inflicting injury, for the very act of presenting and pointing it is a declaration to that effect, meaningless without it. If the pistol be unloaded, and this' is a defence in an indictment for an assault, the fact must be shown by the party charged. State v. Cherry, 11 Ired., 475; State v. Myerfield, Phil., 108. The same rule of evidence is applicable to the present case.

It was argued before us that the allegation being that the bullet was discharged "at, against and into the car," and not in the disjunctive, must be strictly proved, and in the absence of evidence that the car was struck, the defendant should be acquitted. The point was not made in the court below, and it is a settled practice, repeatedly declared, that an exception of this kind cannot be first taken in this court. Green v. Collins, 6 Ired., 139; Williamson v. Canal Co., 78 N. C., 156; State v. Ballard, 79 N. C., 627; State v. Secrest, 80 N. C., 450.

But we are not prepared to concede the correctness of the proposition that proof of the hitting of the cars is necessary to a conviction. If the fact may not be inferred, as the offence under the statute is complete and in no sense changed by evidence that the car aimed at was actually stricken by the missile, the jury were warranted in rendering their verdict, and it will not be disturbed.

PER CURIAM.                                             No error.