STATE v. ROBERT BOYD.

*Indictment—Shooting at Railroad Car.*

An indictment for violating the act of 1877, ch. 4, in shooting or throwing a missile at a railroad car or locomotive, which fails to charge that the same was in actual motion or stopped for a temporary purpose, is defective.

(*State* v. *Hinson*, 82 N. C., 597, cited and approved).

INDICTMENT for a misdemeanor, tried at Fall Term, 1881, of VANCE Superior Court, before *Gudger, J.*

The defendant is indicted for violating the act of 1877, ch. 4—if any person shall cast, or throw, or shoot any stone, rock, bullet, shot, pellet, or other missile, at, against, or into any railroad car, locomotive or train, while the said car or locomotive shall be in progress from one station to another, or while the said car, locomotive or train shall be stopped for any purpose, with intent to injure said car or locomotive, or any person therein or thereon, the person so offending shall be guilty of a misdemeanor, &c.—and the bill charges that he unlawfully and wilfully did cast, throw and shoot at, against and into a certain railroad car, the property of the Raleigh & Gaston railroad company, then and there being, a certain missile, to wit, a stone, with intent," &c., as alleged in one count to injure the said railroad car; and in the other, some person then in said railroad car. After conviction a motion was made in arrest of judgment, which being denied, and judgment pronounced, the defendant appealed.

STATE *v.* BOYD.

*Attorney General*, for the State.
No counsel for the defendant.

SMITH, C. J. We think the objection well taken to the sufficiency of the bill, and that it fails to charge the criminal act intended by the statute which creates the offence. The manifest purpose of the enactment, as must be inferred from its structure, is to protect railroad trains, and the locomotives and cars which make them up, from wanton aggression and violence, and to secure the safety of persons upon them, while the trains are making their passage from one point to another upon the road, and are in actual use by the company. This is apparent from the qualifying words, " while in progress from one station to another, or while the said car, locomotive or train shall be stopped for any purpose"—evidently contemplating the two conditions of the train during its passage over the track, when in actual motion or stopped for a temporary purpose during its progress.

The indictment is too general in its terms, and its allegations would be supported by proof that the injuring was done to a car not in use, and off the track, or even within the car-house. The statute does not make such an act (injurious to private property only and to be redressed by suit) a public offense, and subjecting the offender to punishment in the state's prison.

The defect in the charge is, that it does not specify the alleged violence as done to the car or locomotive of a train while in the course of running over the road, and either as then in actual motion or at temporary rest, and thus exclude cases not within the purview of the statute. The only indictment under it, which has been before us, alleged the car to be on the railroad tract and in motion, when shot at by the accused. *State* v. *Hinson*, 82 N. C., 597.

There is error, and judgment must be arrested.

Error.                    Judgment arrested.