STATE v. DANIEL E. GLISSON.

*Perjury—Oath—Evidence—Witness—Presumption.*

On the trial of an indictment for perjury, several witnesses testified to the fact of the defendant having given evidence as a witness on the trial wherein the perjury was alleged, but none of them stated that they saw or heard the oath administered, nor were they particularly examined on this point; another witness, however, swore that he "was present when the defendant *was sworn*," and that "he *swore*," &c.—*Held,*

1. The administration of an oath is an essential element in the crime of perjury.

2. That it was not error to refuse an instruction to the jury that there was no evidence of an oath having been administered.

3. Under the maxim *omnia presumuntur rita esse acta,* it might reasonably be inferred that the oath had been duly administered.

4. The objection that there is no evidence to go to the jury, must be taken on the trial below—it cannot be made, for the first time, in the Supreme Court.

5. It is not competent to ask and elicit an answer to a question collateral to the issue, in order to prove it false and thus impugn the credit of the witness. .

(*Green* v. *Collins,* 6 Ired., 139; *Grant* v. *Hunsucker,* 12 Ired., 254; *State* v. *Jenkins,* 6 Jones, 19; *State* v. *Jones,* 69 N. C., 16; *State* v. *Hinson,* 82 N. C., 597; *State* v. *Keath,* 83 N. C., 626, cited and approved).

This was an indictment for perjury, tried before *Connor, Judge,* at July Term, 1885, of the Superior Court of WAYNE county.

The defendant was charged in the first count of the indictment with perjury, committed on his examination as a witness on his own behalf, on the trial of a civil action prosecuted against O. K. Uzzell before a justice of the peace; and, in the second count, with perjury upon his examination in the same cause, removed by appeal to the Superior Court and there tried.

The false swearing in the latter court, is assigned in his testimony, in that in his contract with said Uzzell for certain work to be performed in putting up a store-house for the latter, it was stipulated and agreed that the defendant " was to have charge of the work until it was completed; that no lost time was to be charged against him; that he was not absent to exceed four days," and that he " did not advise or encourage any of the laborers employed to strike for higher wages than had been agreed to be paid them."

Upon the trial before the jury of his plea of not guilty, the defendant was convicted of taking the false oath first specified in the second count, and acquitted of all the other charges mentioned in both counts.

1. The counsel for the defendant contended that there was no evidence of the administration of an oath to the witness, under the obligations of which he gave his testimony, and that there was error in leaving the question to the jury.

Several witnesses were produced and examined by the State, as to what the defendant swore on the trial in the Superior Court, none of whom testified to seeing or hearing an oath administered, or to seeing any book in the defendant's hands; while all testified to his having given in evidence, as a witness in the cause.

One John I. Ivey testified as follows: "I was present when the defendant *was sworn* in the case of D. E. Glisson *v.* O. K. Uzzell. He, the defendant, *swore* upon the trial of the said civil action, that he was to have charge of the work until it was completed."

The witness was not specially interrogated about the administering the oath, nor as to his own meaning in using the somewhat equivocal terms in which he expressed himself, and his testimony was allowed to go undisturbed to the jury, to be weighed and passed on by them.

The Court refused to give an instruction that there was no evidence as to the taking an oath, and charged that if the jury shall find that the defendant was sworn, it would be presumed that he was sworn properly and in the usual form; but it was incumbent on the State to prove that he was sworn, and the proper oath administered, and this might be inferred from evidence of his being sworn.

*Attorney General* and *Messrs. Faircloth & Allen,* for the State. *Mr. George V. Strong,* for the defendant.

SMITH, C. J., (after stating the case as above). We see no error in these directions. It is a reasonable inference from the delivery of testimony, that it comes under the sanction of an oath or an affirmation, its equivalent, inasmuch as this is an indispensable prerequisite to its being received and heard, and no objection from any source was made to its admission. Upon the legal maxim, *omnia presumuntur rita esse acta,* it may be inferred that the conditions essential to all personal testimony had been observed, or the witness would not have been heard, and against this the inadvertence of others present who may not have noticed, or whose memory is in fault, ought not to prevail.

But while this may be the general rule, we are not disposed to carry it so far as to dispense with proof of the administration of an oath, which is an essential element in the crime of perjury, and allow a conviction in its absence.

But the evidence is supplied in the testimony of Ivey, who says that "the defendant *swore* upon the trial," &c., and that he "*was present* when the defendant *was sworn*," &c.

If the defendant did not in fact take an oath, as his counsel here interprets the words of the witness who says he was sworn, it was easy for him to inquire what the witness meant to say, and to be understood as saying, when he thus testified. He states a positive fact as within his own knowledge, and it was certainly right and proper to submit the testimony to the jury for their consideration.

It would not conduce to the healthful and fair administration of justice, to permit a party accused to remain silent, when it is in his power to have testimony explained and its import ascertained, when it may be supposed not to express what the witness intended, and then, upon the trial, put an inadmissible interpretation upon it.

The witness says the defendant was sworn—and if he was not, the accused should, by examination, have shown that he was not, or that the witness did not mean to say that it was within his knowledge that he was.

II. The objection to the proving what the defendant swore upon the trial of the civil suit in the Superior Court, by the witness J. B. Pearsall, based upon his incompetency to tell the substance of all the defendant said, while he could remember and detail the substance of all he said about the contract, has been abandoned, and we think properly not insisted on.

III. The defendant insists there was no evidence of the taking the false oath to go to the jury. So far as this exception pertains to the *act of being sworn*, it has already been considered.

If it is intended to have a wider scope, and deny that there is evidence of the false statement, it is sufficient to say that there is evidence of what that false statement was, from several witnesses; and if there was none, no such exception was taken at the trial, and none such can be entertained, first taken here. The rule is well established in numerous cases. *Green* v. *Collins*, 6 Ired., 139; *Grant* v. *Hunsucker*, 12 Ired., 254; *State* v.

*Jenkins,* 6 Jones, 19; *State* v. *Jones,* 69 N. C., 16; *State* v. *Hinson,* 82 N. C., 597; *State* v. *Keath,* 83 N. C., 626, and other cases.

IV. The prosecutor and witness, O. K. Uzzell, on cross-examination by defendant's counsel, was asked if he had not himself sworn on the trial of the action against him, that it had taken thirteen hands four days to put the shingles on his store, and he denied that he so swore.

Several of defendant's witnesses contradicted him, and testified that he did so state, and defendant then proposed to falsify the statement, and show that four hands only were sufficient to do the work, and this to prove, not the falsehood, but the bias and prejudice of the prosecutor. The latter evidence was disallowed, and to this ruling the defendant also excepted.

There is no error in the refusal to admit the proposed evidence. The matter is entirely collateral, and it is not competent to ask and elicit an answer to an inquiry foreign to the issue, in order to prove it false, and thus impugn the credit of the witness. The false estimate of the time and labor needed to cover the house with shingles, sheds no light upon the issue as to the false oath imputed to the defendant. The prosecutor may have committed a similar crime in the trial, but whether this be so or not, it does not refute the charge against the defendant and vindicate him.

The office of such evidence is, and can only be, to impair the credit of the prosecuting witness, and for this purpose, when a witness is interrogated as to a collateral fact, his answer is conclusive and final. All the indulgence allowable was given in permitting the prosecutor to be contradicted as to what he had sworn—and it ought not to have been extended to an inquiry into the truth of the declaration which was but an expression of opinion. To do this, would be to open a new and foreign issue, and virtually to put the witness on trial for false swearing, as well as the defendant, and distract the attention of the jury from the matter before them.

The inquiry was, therefore, properly arrested, and the minds of the jurors confined to the issue of the defendant's guilt of the criminal act charged.

There is no error, and the Court below must proceed to render judgment on the verdict, to which end this will be certified.

No error. Affirmed.