### STATE v. JAMES H. MILLER.

#### Appeal—Judgment Vacated by.

The appeal by a defendant, in a criminal case from the judgment of the Superior Court, to the Supreme Court, vacates the judgment of the former, whether it be imprisonment or a pecuniary fine.

(*Bledsoe* v. *Nixon*, 69 N. C., 81; *State* v. *Applewhite*, 75 N. C., 229; *State* v. *Jones*, 69 N. C., 16, cited approved).

This was an appeal by the State in the foregoing case.

After the defendant's appeal from the judgment of the Court had been taken and perfected, the clerk after docketing it as directed, issued an execution to the sheriff, to enforce payment of the fine and costs adjudged against him.

Upon application to the succeeding Judge having jurisdiction in the District, it was ordered that the writ be recalled, and the sheriff proceed no further thereunder. From this order the State appeals.

*Attorney General,* for the State.

*Messrs. John Gatling* and *E. C. Smith,* for the defendant.

SMITH, C. J. (after stating the facts). Upon the hearing, the counsel representing the State, admitted that there was no error in the ruling, and that the appeal could not be sustained. In this we concur, since the effect of the appeal was to vacate the entire judgment, which could not be docketed, nor authorize the issue of process for its enforcement. It is otherwise in civil cases, for then unless a *supersedeas* undertaking has been given, the judgment, for some purposes, remains, as was determined in *Bledsoe* v. *Nixon*, 69 N. C., 81; The Code, §435.

In *State* v. *Applewhite*, 75 N. C., 229, PEARSON, C. J., says, that " the effect of his, (the prisoner's,) appeal, was to vacate the sentence pronounced upon him in 1870. The effect of the decision of the Supreme Court, was not a judgment or sentence, but simply an order to the Court below, to *proceed to judgment* and sentence, agreeable to this decision, and the laws of the State."

This is the law informally recognized and acted on by the Court, for as is said by READE, J., in *State* v. *Jones*, 69 N. C., 16; "in criminal cases, we do not pass judgment. Such cases are sent up for our opinion only, which we certify to the Court below, and there our jurisdiction ends." When there is no error, the Court below is required to preceed to judgment again.

No authority can be needed to show that the fine is a part of the punishment, and, like the order of imprisonment, is annulled by an appeal, taken and perfected according to law.

There is no error and the judgment must be affirmed.

No error.                                    Affirmed.