STATE v. LETHA VARNER,

*Practice in Criminal Proceedings—Instructions—Exceptions.*

1. A charge to the jury may be specially excepted to after verdict.
2. An exception to the whole charge that it presented the case in a manner to prejudice the defendant, should have pointed out in what particular harm was done.
3. The omission to give an instruction to a jury is not ground for an exception in the absence of a request to so instruct.

Indictment for fornication and adultery, tried before *Boykin, J.,* and a jury, at Spring Term, 1894, of LINCOLN Superior Court. The defendants were convicted and the *feme* defendant appealed. The facts necessary to an understanding of the opinion appear therein.

*The Attorney General,* for the State.
No counsel, *contra.*

CLARK, J.: There was no exception taken at the trial, but the defendant excepted specifically to the charge after verdict. This she had a right to do. *Lowe* v. *Elliott,* 107 N. C., 718, and other cases cited in Clark's Code (2d Ed., p. 383). The first exception that on the whole charge the Court presented the case in a manner to prejudice the jury against the defendant, should have indicated some particular in which harm was done; besides, it is not sustained by an examination of the charge set up. The second, third, fourth and fifth exceptions are for alleged omissions to charge. This is not ground for exception. If the defendant had wished more specific instructions, she should have asked for them in writing and in apt time. Clark's Code (2d Ed., p. 382 and cases cited). The last exception is that the Court should have instructed the jury on all the evidence to acquit the defendant. If this exception is for an omission to charge, it is no ground for an exception, for there was no prayer to so instruct. If it is either a demurrer to evidence or an exception that there was no evidence to go to the jury, it is too late after verdict. *State* v. *Kiger,* at this term. Besides, the evidence was, in fact, amply sufficient to submit to the jury. *State* v. *Poteet,* 30 N. C., 23; *State* v. *Eliason,* 91 N. C., 564; *State* v. *Chancy,* 110 N. C., 507. Its credibility and weight were for the jury to determine. While the indictment is not in the very words of the statute, the offence is sufficiently charged. *State* v. *Stubbs,* 108 N. C., 774.　　　No error.