STATE v. JOSEPH PATTON.

*Indictment for Secret Assault, what Constitutes.*

Where one facing another, or walking up in front of him, draws a pistol
from a hip-pocket and shoots him without warning, it is not a
secret assault within the meaning of section 1 of chapter 32, Acts
1887, which provides that any person who shall maliciously com-
mit an assault and battery with any deadly weapon upon another,
by waylaying or otherwise, in a secret manner, with intent to kill
such other person, shall be guilty of a felony. (*State* v. *Jennings,*
104 N. C., 774, distinguished.)

Indictment for secret assault, under section 1, chapter 32,
Acts of 1893, tried before *Allen, J.,* at Fall Term, 1894 of
McDOWELL Superior Court.

The defendant pleaded not guilty.

The only witness introduced was one Erwin, who testified
that sometime in the spring of 1894 he was present at a
dance near Marion. That it was in the nighttime, and there
were a good many persons present. That the dance was at
a house in which there were two rooms. That the dancing
was in one room, and that the other room was lighted by a
lantern. That James Cowan slapped a girl in the room where
they were dancing, and thereafter went in the other room with
the witness. That while in the other room, standing by the
said Cowan, both of them with their faces in the direction of
the door leading from the dancing room, he heard the defen-
dant Patton ask where the said Cowan was. That he then saw
the defendant in the room where the dancing had been
advance towards the door leading to the room in which were
the witness and the said Cowan. That the defendant had
nothing in his hands, and said nothing to the said Cowan
nor to witness, and while in said dancing room, and near
said door, drew a pistol from his right hip-pocket, and imme-
diately shot the said Cowan in the left breast near the heart.

115—48

STATE v. PATTON.

The defendant was represented by counsel, and did not make any request for instructions.   The Court, after explaining the elements of the offence with which the defendant was charged, told the jury that if they believed the defendant had formed the purpose of shooting Cowan, and came upon him suddenly, and concealed from him his purpose to assault him, and gave him no notice of such purpose, and made the assault so suddenly that there was no opportunity to guard against it, the assault was committed in a secret manner.

The defendant was convicted, and appealed.

*The Attorney General*, for the State.
No counsel, *contra*.

AVERY, J.: The principal question raised by the appeal is whether one who stands facing another, or walks up in front of him, and, drawing a pistol from his hip-pocket, shoots him without a word of warning, brings himself within the offence defined by the Act of 1887, chapter 32, section 1. That statute provides that " any person who shall maliciously commit an assault and battery with any deadly weapon upon another by waylaying or otherwise in a secret manner, with intent to kill such other person, shall be guilty of a felony," etc.   It was contended for the prosecution, and so the learned Judge who tried the case below seems to have thought, that every assault made upon another with a deadly weapon and in pursuance of a preconceived purpose to shoot, falls within the language of the statute, unless the assailant, by word or act, gives opportunity of preparing for defence, or warning of his intention to the person assailed.   The material facts in the case of *State* v. *Jennings*, 104 N. C., 774, which seems to have been relied on to support this view, were that the accused walked up behind the prosecutor and inflicted several severe wounds with a knife on the

back of the neck and head and on his shoulder, before the latter ascertained who was attacking him, though the assault was committed in the public square of the town of Kinston, and several hundred people there assembled might have seen him.      Though some expressions that were used *arguendo* in that case, one of which is quoted in *State* v. *Shade* at this term, may have been misleading, the only point really settled was that where one steps up stealthily behind another and stabs him without warning, it is as much an assault committed " in a secret manner " as where one lies in ambush and shoots another.      Under the charge of the Court below, the jury were left at liberty to infer from the circumstances that the purpose to kill was formed before the moment when the attempt was made to carry it into execution, and told them that if they should so determine, then, unless the defendant either actually warned the injured party, or otherwise gave him opportunity to defend himself, he was guilty.      While a person may be guilty of this offence without any attempt to conceal his identity from others, where he surprises the person assailed, yet where the two, the assailant and the person assaulted, are standing face to face, when the former pulls a pistol suddenly from his pocket and fires at the latter, we think it is simply an assault with a deadly weapon, and the question of motive or purpose is immaterial, unless death ensue from the wound.      To give the statute the interpretation contended for would leave parties at liberty to infer such a purpose in all cases where one should strike another with a weapon capable of producing death, when so used, unless the assailant, by warning or threatening language or conduct should give some intention of his purpose.

It was not, in our opinion, the purpose of the Legislature to enact a law so sweeping in its operation.      While the fact that the accused makes no apparent attempt to conceal his identity from others does not place him beyond the pale of guilt, yet on the other hand the assault cannot be said to

have been made " in a secret manner," except where the person assaulted is unconscious of the presence as well as of the purpose of his adversary till the striking or shooting begins. The law permits juries to consider the fact that one who fights on unequal terms, and without warning uses a deadly weapon, when death ensues, and when death does not ensue the Courts consider such circumstances in aggravation in sentencing upon conviction for a common assault. It is not necessary to discuss the question whether, when the statute makes the " intent to kill " an essential element of the offence, the intent to shoot will be held synonymous with the intent to kill. His Honor told the jury that, if the defendant had formed the purpose not of killing, but " of shooting the said Cowan," and came upon him suddenly and concealed from him his purpose to assault him, and gave him no notice of his purpose, and made the assault so suddenly that there was no opportunity to guard against it, the assault was committed in a secret manner. In prosecutions for murder it is established as a rule in this Court that the use of a deadly weapon raises a presumption of malice (*State* v. *Fuller*, 114 N. C., 885), but not of premeditation and deliberation. It it is not necessary, however, to decide this question or proceed further in the discussion of it than to note the fact that it arises. Being unwilling to give the broad range to the statute that is indicated by the instruction to the jury, we conclude without further discussion of this last question that the defendant is entitled to a new trial.

New Trial.