## STATE v. HENRY HARRIS.

*Indictment for Secret Assault—Insufficient Evidence—Exceptions, How Taken.*

1. An exception that there is not sufficient evidence to go to the jury must be taken before verdict, in order that the defect can be supplied if possible.

2. An exception for omission to charge must be made before verdict; otherwise as to exceptions for errors in the charge which, if taken specifically, may be made within ten days after the adjournment of the court.

3. An assault made from behind and in such a manner as to prevent the person assaulted from knowing who his assailant is, or that the blow is about to be struck, is a secret assault.

INDICTMENT for secret assault with a deadly weapon, tried before *McIver, J.,* and a jury, at November term, 1896, of GRANVILLE Superior Court. The defendant admitted the assault, but denied that it was made in a secret manner. The prosecuting witness, Frank O. Landis, testified that he was in conversation with one Albert Harris when he was struck, and did not see the defendant or know who hit him. He had no warning, and was knocked down insensible. It was also in evidence, by another witness, that defendant struck prosecutor with a large stick from behind. Defendant testified, in his own behalf, that he did not strike with a stick described by the other witness, but did strike with the stick he then held in his hand (which was shown to the court and jury), and was standing behind the prosecutor and gave no notice when the assault was made. The court charged the jury that they must be fully satisfied the assault was made in a secret manner and with intent to kill, and if, from the testimony, they were satisfied beyond a reasonable doubt that it was made from behind, and in such manner as to prevent prosecutor from

120—73

knowing who his assailant was, and that the blow was about to be stricken, then it was a secret assault; and if they were satisfied, beyond a reasonable doubt, that the ordinary consequence of such a blow was to produce death, then the law presumed the intent to kill, and they should convict, otherwise they should acquit the defendant.

There was a verdict of guilty, and the defendant moved for a new trial on the ground that there was not sufficient evidence to go to the jury, showing that the assault was made in a secret manner with intent to kill. The motion was refused and defendant appealed.

*Messrs. Attorney General Zeb V. Walser, Winston & Fuller* and *J. C. Biggs*, for the State.

*Mr. Joseph B. Batchelor*, for the defendant (appellant).

CLARK, J.: "An exception that there is not sufficient evidence to go to the jury must always be made before verdict, in order that the defect can be supplied if possible;" for the sole object of judicial investigation is to ascertain the truth of the matter at issue. *Sutton* v. *Walters*, 118 N. C., 495; *Holden* v. *Strickland*, 116 N. C., 185; *State* v. *Hart*, Ibid, 976; *State* v. *Kiger*, 115 N. C., 746; *Cotton Mills* v. *Cotton Mills*, Ibid, 475; *State* v. *Varner*, Ibid, 744; *Fagg* v. *Loan Association*, 113 N. C., 364; *McMillan* v. *Gambill*, 106 N. C., 359; *State* v. *Brady*, 104 N. C., 737; *Buttle* v. *Mayo*, 102 N. C., 413, 438; *Sugg* v. *Watson*, 101 N. C., 188; *Lawrence* v. *Hester*, 93 N. C., 79; *State* v. *Glisson*, Ibid, 506; *State* v. *Keath*, 83 N. C., 626; *State* v. *Jones*, 69 N. C., 16. The matter seems adjudicated and is decisive of this case.

It is true that exceptions for error in the charge may be taken, specifically, if made within ten days after the adjournment of the court, *Lowe* v. *Elliott*, 107 N. C., 718;

*State* v. *Varner*, 115 N. C., 744; *Blackburn* v. *Ins. Co.*, 116 N. C., 821; Clark's Code (2nd Ed.), p. 383, but it is otherwise as to exceptions for omissions to charge, *State* v. *Groves*, 119 N. C., 822; Clark's Code (2nd Ed.), p. 382, and permitting the case to go to the jury on insufficient testimony, since these matters must be called to the attention of the court before verdict, that the defect may be cured by calling other witnesses or by charging upon the omitted points. It may be noted that the third head note in *State* v. *Hart*, 116 N. C., 976, is misleading by reason of this distinction having been overlooked by the reporter. But even if the exception in this case had been taken in apt time, it could not have availed the defendant. The judge correctly charged that "if the assault was made from behind and in such a manner as to prevent the prosecutor from knowing who his assailant was, and that the blow was about to be stricken, it was a secret assault," *State* v. *Jennings*, 104 N. C., 774, and the evidence fully authorized the charge. *State* v. *Jennings*, has been cited and approved in *State* v. *Patton*, 115 N. C., 753; *State* v. *Shade*, Ibid, 757; *State* v. *Gunter*, 116 N. C., 1068. Attempts to commit any of the four capital offences were formerly felonies, but during the prosecution for "Kuklux" troubles the offence of assault with intent to commit murder was reduced to a simple misdemeanor. The Act of 1887, Ch. 32, restored the grade of the offence to a felony, except in those cases in which it is committed openly, giving the assailed an opportunity to know his assailant. *State* v. *Telfair*, 109 N. C., 878.

No Error.