STATE v. FIN HUGGINS, REDMOND PITTMAN and JAMES JOHNSON.

(Decided April 10, 1900.)

*Murder—Lost Papers—Insufficient Evidence—New Trial.*

1. Where material evidence taken on the trial and directed to be sent up as a part of the case has become lost and can not be found, a new trial will be ordered.

2. The exception that the evidence is insufficient to warrant a conviction, should be taken before verdict.

INDICTMENT for murder of John Thomas, tried before *Bryan, J.,* at Special September Term, 1899, of the Superior Court of LENOIR County.

The prisoners were convicted of murder in the second degree, and appealed from the judgment pronounced. Huggins afterwards withdrew his appeal. The other two, Pittman and Johnson, took the exception that the evidence would not warrant their conviction. His Honor refused to so hold,

but in settling the case for the Supreme Court directed the evidence to be certified and embraced in the transcript, which was not done in consequence of its having become lost and unable to be found.

*Mr. T. C. Wooten,* for appellants.

*Messrs. Attorney-General,* and *Brown Shepherd,* for the State.

CLARK, J. The prisoners, Johnson and Pittman, appeal from a conviction of murder in the second degree. The only question presented is as to whether there was any evidence as to them to go to the jury. The Judge ordered the evidence to be set up as a part of the case on appeal, but by the almost criminal carelessness of some one, it has been lost, and the county of Lenoir will be put to the expense of another trial, which must be granted. *Ritter v. Grimm,* 114 N. C., 373; *Clemmons v. Archbell,* 107 N. C., 653; *State v. Parks, Id.,* 821; *Owens v. Paxton,* 106 N. C., 480. When court papers are thus lost the matter should, in every instance, be rigidly investigated, and the responsibility fixed.

The case on appeal does not clearly show that the exception that there was not sufficient evidence to go to the jury was taken before verdict. If it was not, the exception could not be considered, and the failure to send up the evidence would be immaterial, so far as the appeal is concerned. This has been well settled. *State v. Harris,* 120 N. C., 577, and numerous cases there cited; *State v. Wilson,* 121 N. C., 650. But the Attorney-General, from the nature of this case, and following the precedent set by his predecessor in *State v. Wilcox,* 118 N. C., 1131, consents that the exception may be treated as having been made before verdict.

New trial.