### STATE v. WILLIAMS.

(Filed December 20, 1901.)

1. EXCEPTIONS AND OBJECTIONS — *Appeal* — *Evidence* — *Sufficiency.*

It is too late after verdict to raise the objection that there was not sufficient evidence to warrant the verdict.

2. EVIDENCE—*Admissions—Co-defendants—Confessions.*

Confessions made by one defendant not in the presence of the other defendant, is competent against one making them if the jury be instructed not to consider them as against the co-defendant.

3. EVIDENCE—*Corroboration—Declarations.*

Where a verdict of not guilty is entered as to one of two co-defendants and this defendant is introduced as a State's wit ness, declarations made by said witness can not be used as substantive evidence, but only to contradict or corroborate what the witness has already testified.

INDICTMENT against Dixie Williams and Bettie Caddell, heard by Judge *A. L. Coble* and a jury, at September Term, 1901, of the Superior Court of MONTGOMERY County. From a verdict of guilty as to Dixie Williams and judgment thereon, he appealed.

*Brown Shepherd,* for *R. D. Gilmer, Attorney-General,* for the State.

No counsel for the defendant.

CLARK, J. The prisoner was convicted of murder in the second degree. After verdict, he excepted because there was "no evidence to warrant a verdict for murder in the second degree." There was no prayer to that effect, and an exception that there was no evidence is waived if not asked before verdict. *State v. Harris,* 120 N. C., 577, and numerous cases there cited; Clark's Code (3d Ed.), page 773, and other citations down to *State v. Huggins,* 126 N. C., 1055. There were confessions of the prisoner made to different persons, which would have justified a conviction of murder in the first degree, with evidence of jealousy as a motive, and threats. There was no eye-witness of the killing. The killing being shown to have been done with a deadly weapon, and if the jury found that it was done by the prisoner, the law raised a presumption that it was murder in the second degree, and the jury may not have been satisfied by the confessions and other evidence, of the circumstances necessary to raise the offense to murder in the first degree, and his Honor properly left both aspects to the jury. Upon the evidence, the jury might very well have found the prisoner guilty of murder in the first degree, the evidence would justify such a finding, but it does not lie in the prisoner's mouth to complain that he was found guilty of the lesser offense. This is not like the case of *State v. Rose,* at this term, where the evidence all

established a killing by lying in wait, and the sole question was whether the prisoner did the killing, and the Judge properly told the jury, as argued to them by prisoner's counsel, that the prisoner, if they believed the evidence, was guilty of murder or nothing.

Bettie Caldwell was a co-defendant, and certain admissions of hers not in the presence of Williams, were admitted as evidence against her, with instructions to the jury that they could not consider such evidence as against Williams. In this there was no error.

During the progress of the trial, the State submitted to a verdict of not guilty as to Bettie Caldwell, and placed her on the witness stand. His Honor, in his charge, told the jury that the evidence of the declarations of Bettie Caldwell out of Court could not be considered by them as substantive evidence, but the jury might now consider such previous statements by her so far as they tended to contradict or corroborate what she had testified upon the stand. This is well-settled law. *Burnett v. Railroad,* 120 N. C., 517, and numerous cases there collected.

No Error.