The defendant was indicted for "uttering and publishing" a certain promissory note (set out in the indictment), knowing the same to be forged with intent to defraud, etc. There was no exception to the evidence or to the charge. It appears in the case that there was no evidence of "showing forth in evidence," and after verdict the defendant moved "in arrest of judgment," because those words are used in the bill which charges "did utter and publish and show forth in evidence." *Page 699 
The sole exception is to the refusal of the motion to arrest the judgment.
If it were essential to prove both the showing forth in evidence, as well as the uttering and publishing, still this is probably the first time that an appellant has gone on record as supposing that a variance or a defect of proof can be taken advantage of by a motion in arrest of judgment, which has till now always been restricted to errors on the face of the bill, which is in no wise deficient. 1 Bish. New Crim. Pro., sec. 1285. Besides, "an exception that there is no evidence is waived if not taken before verdict." State v. Huggins, 126 N.C. 1056, and a long line of cases cited in State v. Harris, 120 N.C. 578, and Clark's Code, at page 773. The bill is good at common law for "uttering and publishing." Arch. Crim. Pl. — Forms of Indictment for Uttering and Publishing. The addition of the words, "and show forth in evidence," did not vitiate the bill, but are mere surplusage if the uttering and publishing by other means was shown, as the jury find. Being only one of the methods of uttering and publishing, this was a mere statement of the transaction in different phases to meet the different aspects of the evidence, and was not the charging of different, distinct offenses, but the same offense by different means. Hence, the bill was not multifarious. State v. Harris, 106 N.C. at page 686, citing sundry decisions; 2 Bish. New Crim. Pro., sec. 434; 1 Wharton Crim. Law, sec. 727; State v. Haney, 19 N.C. at page 394.
No error.