STATE *v.* STATON.

---

STATE v. STATON.

(Filed September 22, 1903.)

1. INDICTMENT—*Burglary—Intent.*

     The bill of indictment for burglary in this case sufficiently charges the intent with which the breaking was done.

2. BURGLARY—*Former Jeopardy—Intent.*

     A conviction on an indictment for breaking and entering a dwelling with the intent to commit a felony will sustain a plea of former jeopardy on an indictment for burglary based on the same facts.

3. EXCEPTIONS AND OBJECTIONS—*Evidence—Sufficiency of Evidence—Intent—Burglary.*

> The objection that there is not sufficient evidence of the intent with which the defendant entered a dwelling must be taken before verdict.

INDICTMENT against Fate Staton, heard by Judge *G. S. Ferguson* and a jury, at January Term, 1903, of the Superior Court of PITT County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Skinner & Whedbee,* for the defendant.

CONNOR, J. The defendant was put upon trial upon the following bill of indictment: "The jurors for the State upon their oaths present that Fate Staton, late of the county of Pitt, with force and arms at and in the county aforesaid, unlawfully did break and enter (otherwise than by burglarious breaking) the dwelling-house of one Bettie Grimes, with intent to commit a felony, to-wit, with intent the goods and chattels of the said Bettie Grimes, then and there in said dwelling-house being found, feloniously to steal, take and carry away, and with intent feloniously and violently and against the will of the said Bettie Grimes to carnally know and abuse, against the form of the statute, etc." The defendant moved to quash the bill of indictment for the reason that the bill attempted to particularize the felony, with the intent to commit which the defendant is alleged to have entered the house of the prosecutrix, to-wit, that of larceny or rape, and that the language used in the bill did not amount to a charge of rape. The motion was overruled and the defendant excepted.

His Honor correctly refused the motion to quash. The language of the bill in charging the intent with which the

defendant entered the house is sufficient. *State v. Titus,* 98
N. C., 705; *State v. Powell,* 94 N. C., 965 (970). The State
introduced testimony tending to show that at twelve o'clock
on the night of July 28, 1902, the defendant broke into the
house of the prosecutrix by prizing open the window-sash,
and that the prosecuting witness was in the actual occupa-
tion of the house at the time, and that the defendant was in
his night clothes when he entered and left the house, and that
he did not attempt to steal anything. The defendant offered
evidence tending to show that he did not enter the house, and
to prove an *alibi.*

The defendant requested the Court to charge the jury that
the defendant cannot be convicted under the bill of indict-
ment for the reason that if they believed the evidence for the
State to be true, and that should the evidence convince them
that the defendant was the person who broke into the house,
in that event the defendant would be guilty of burglary in
the first degree, and as this indictment and trial would not
prevent his being put on trial for the greater offense of com-
mon-law burglary, they would acquit the defendant. The
Court declined to give the instruction and the defendant ex-
cepted. His Honor committed no error in this respect. The
defendant's prayer was based upon the assumption that his
conviction upon this bill would not sustain a plea of former
conviction upon an indictment for burglary based upon the
same facts. This view seems to be met and disposed of in the
case of *State v. Cross,* 101 N. C., 778, 9 Am. St. Rep., 49.
*Smith, C. J.,* referring to the case of *State v. Shepard,* 7
Conn., 54, says: "It was decided that a conviction of an at-
tempt to commit rape upon an indictment so charging was
proper when the proof showed the rape was accomplished,
and such conviction was a bar to another indictment pre-
ferred for the rape. And so it is held in *State v. Smith,* 43
Vt., 324, and the general principle is laid down that when

an offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution of the other." This authority fully sustains his Honor's refusal to instruct the jury as requested. The defendant did not ask his Honor to instruct the jury that there was not sufficient evidence of the intent with which the defendant entered the dwelling. Such objection must be taken before verdict, and it cannot be made for the first time in the Supreme Court. *State v. Glisson*, 93 N. C., 506.

No error.