The defendant is indicted for the larceny of money, and from a judgment rendered on a verdict of guilty, he appealed.
The principal witness for the State testified that on the day the money was missed she was a stenographer in a lawyer's office at Statesville, and that the defendant was janitor of the building. On that morning she had $70 in greenbacks, four $10 bills and six $5 bills, in a purse in a hand-bag. That she had counted the money about 11 o'clock (616) the night before, and noticed that the purse was stuffed out with *Page 509 
the bills the next morning. That the defendant was in the office painting the radiator, and was there when the witness left the office to go to dinner. She left no one in the office but the defendant. Just before leaving, she put the hand-bag containing the money in the drawer of her desk, and as she was closing the drawer the defendant looked around and saw her shut it. A few days prior thereto he saw her have this roll of bills, and remarked, "Miss Annie, you got a lot of money." The witness was absent from the office until 2 o'clock, and left against about 4 o'clock. Upon her return to the office about 6 o'clock, she began to make ready to go home, and opened the drawer where she had put her bag and purse, and found that the position of the bag had been changed from the corner of the drawer, where she placed it, to the middle of the drawer, and that it was unfastened. She looked for the money, but it was gone.
No other persons than the defendant were seen in or around the office while the prosecuting witness was absent, by the occupants of the other offices on that floor.
A policeman testified that he went to the defendant's house just after 6 o'clock that afternoon and saw the defendant. He told the defendant that the prosecuting witness had lost $70. "Thereupon defendant said he did not have her money and had not taken it, but said, `I will go to town with you and get Miss Annie her money.' Then he said, `I will have to wait and see Mr. Ausley; he has my money on deposit.' Mr. Ausley was cashier of the Commercial National Bank. Defendant said he did not have any money on him except $1 or $1.25. There was found on his person $7 in greenbacks, a $5 bill and two $1 bills. He then said it was his wife's money."
Another witness for the State testified that he saw the defendant the next day and told him that he would have to tell another tale about that money, and he then said $2 of it belonged to his wife, and Mr. Ausley gave him the $5 on Saturday before.
The court charged the jury the law applicable to cases of this kind, defining larceny and what evidence was necessary to constitute the offense; that where property was stolen and was found in (617) possession of a person, the law raises the presumption of guilt, if the property was identified; and that the more recent the possession after the larceny, the stronger the presumption. That the money found on the defendant's person would not raise a presumption of his guilt, because of its unidentification; (that the jury could take into consideration, in passing upon the guilt of the defendant,) all the evidence in the case; the opportunity the defendant had to take the money, (the fact that some money was found upon his person unidentified); the statement *Page 510 
made by him; and also charged the jury that the burden was upon the State to satisfy the jury beyond a reasonable doubt of his guilt from all the evidence, and if not so satisfied, it would be the duty of the jury to acquit the defendant.
After the verdict the defendant moved for a new trial, because —
(1) There was not sufficient evidence to go to the jury to justify a verdict.
(2) Because his Honor charged the jury that the jury should take into consideration all the evidence in the case; (the fact that money was found upon his person unidentified); the opportunity that he had to take the money; his statement to the policeman, was evidence for the jury to consider before passing upon the defendant's guilt.
Motion overruled, and defendant excepted.
The objection that there is not sufficient evidence to sustain a conviction cannot be entertained when made, as in this case, for the first time after verdict. S. v. Leak, 156 N.C. 646. We have, however, examined the evidence, and think his Honor was justified in submitting it to the jury.
If the evidence of the State is accepted, the defendant knew that the prosecuting witness had money, and that she kept it in her purse; he had seen the roll of bills, alleged to have been stolen, a few days (618) before, and had said to the witness that she had a lot of money; he saw her place the purse with the money in it in a drawer when she left the room; he remained in the room for some time alone; no one else was seen to go to the room; after it was found that the money had been stolen, a policeman went to see him, when he denied taking the money, but said he would go to town and get Miss Annie (the prosecutrix) her money; he told the policeman he had no money on his person except $1 or $1.25, and when he was searched it was found that he had a $5 bill and two $1 bills; he then said the money belonged to his wife, and that Mr. Ausley had given him the $5 bill.
The exception to the charge cannot be sustained. His Honor told the jury that the money found on the defendant had not been identified, and that there was no presumption of guilt, and he properly left to their consideration the circumstance of his possession of some money in connection with the contradictory statements of the defendant.
No error. *Page 511 
(619)