## STATE v. CHARLES BRADY.

### (Filed 23 April, 1919.)

1. **Indictment—Criminal Law—Judgments—Motions—Arrest of Judgment—Defective Counts.**

    A general verdict of a jury convicting of a criminal offense will not be disturbed by motion in arrest of judgment on the ground of defective counts stated in the bill of indictment if others set out therein are good.

2. **Indictments—Criminal Law—Judgments—Motions—Arrest of Judgment—Evidence—Trials.**

    Substantial defects on the face of the indictment is the only ground upon which a motion in arrest of judgment can be sustained, and the court will not look to extrinsic evidence to ascertain the defects.

3. **Same—Instructions—Prayers for Instruction—Trials.**

    A failure of proof to sustain the counts in a bill of indictment should be taken advantage of by a prayer for special instruction, and not by motion in arrest of judgment on the verdict.

APPEAL by defendant from *Shaw, J.,* at the December Criminal Term, 1918, of GUILFORD.

The defendant was convicted on the following indictment:

"The jurors for the State, upon their oath, present that Charles R. Brady, late of the county of Guilford, on the twelfth day of January, in the year of our Lord one thousand nine hundred and eighteen, with force and arms, at and in the county aforesaid, did unlawfully, wilfully, and feloniously prescribe for one Polly St. Clair, she being pregnant or quick with child, to the knowledge of the said Charles R. Brady, certain medicine, drugs, or some substance, with intent thereby to destroy said child, the same not being necessary to save the life of said mother; the said Charles R. Brady not only prescribed the aforesaid medicine or drug, but procured the same and advised the said Polly St. Clair to take same, against the form of the statute in such cases made and provided and against the peace and dignity of the State.

*Bower, Solicitor."*

There was a verdict of guilty, and the defendant moved in arrest of judgment, which was overruled, and he excepted and appealed from the judgment pronounced on the verdict.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*John A. Barringer attorney for defendant.*

ALLEN, J.· The defendant concedes that the first part of the indict-

ment, charging him with prescribing, is good, and he does not question the correctness of the principle that when there are two or more counts in an indictment, some good and others defective, that a general verdict of guilty will be upheld (*S. v. Klingman,* 172 N. C., 950), but he insists that there is no evidence that he prescribed medicine, etc., and as the procuring and advising are not properly charged, that the judgment ought to be arrested.

The difficulty with this position is that "the judgment in a criminal prosecution can only be arrested for defects in the bill of indictment when it shows substantial defects on its face. The court cannot look to extrinsic evidences to ascertain the defects." *S. v. Craige,* 89 N. C., 479.

The same question was presented in *S. v. Hawkins,* 155 N. C., 466, and the Court said, "If there had been a failure of proof, the defendant should have taken advantage of it by a prayer for instruction and not by a motion in arrest of judgment."

A prayer for instruction would not, however, have availed the defendant as we find in the record evidence that the defendant prescribed whiskey at one time and rat's bone and tablets at other times for the purpose of causing an abortion.

No error.