### STATE v. JOHN POWELL.

(Filed 2 March, 1921.)

**Criminal Law—Abortion—Pregnancy—Destruction of Unborn Child—Drugs—Advice—Intent—Indictment—Evidence.**

> Indictment and evidence that the defendant advised the prosecutrix, who was then "pregnant or quick with child," to take a certain drug, medicine, or substance with intent to destroy the child is sufficient for a conviction under C. S., 4226, the advice and intent for the stated purpose being indictable under our statute. Rev., 3618 and 3619.

APPEAL by defendant from *Devin, J.,* at September Term, 1920, of HARNETT.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Young & Best for defendant.*

WALKER, J. The defendant was convicted at September Term, 1920, of Harnett County Superior Court, Hon. W. A. Devin, judge presiding, and from the judgment, upon such conviction, appealed to this Court.

The statute upon which the indictment is based is section 4226 of the Consolidated Statutes. So far as material to this appeal it is as follows: "If any person shall willfully prescribe for any woman, either pregnant or quick with child, or advise or procure any such woman to take any medicine, drug or substance whatever, with intent thereby to destroy such child, unless the same shall have been necessary to preserve the life of such mother, he shall be guilty of a felony," etc.

There was evidence that the defendant advised the prosecutrix to take a certain drug, medicine, or substance with intent to destroy the child. The essential fact charged, and which was required to be proven in the case, is that the defendant advised the woman to take the drug or other substance with intent thereby to destroy the child. *S. v. Crews,* 128 N. C., 581. This is not an attempt to commit another crime, in which case the overt act must be shown, but the act charged is the offense itself, which is denounced by the statute. It is the intent with which the drug is administered, and the purpose to destroy the child, that is made indictable under our statute, Rev., 3618, 3619; and it is not necessary for the State to show that administering the drug named would have had the desired effect. *S. v. Shaft,* 166 N. C., 407.

It is not necessary to charge or prove that the defendant procured the drug himself or that the woman actually used it. All that is necessary is to prove that he prescribed or advised its use with the illegal intent.

*S. v. Brady,* 177 N. C., 587. Upon these authorities the defendant seems to have been properly convicted.

The jury might very properly have acquitted the defendant, upon the evidence, as the State's case was very weak, but we cannot say that there was actually no evidence. The verdict has very little evidence of a substantial character to rest upon, but we cannot correct or reverse it, or moderate the punishment.

No error.