# DECEMBER 9, 1936

WILL ALEXANDER V. THE STATE.

No. 18498.   Delivered October 28, 1936.
Rehearing Denied December 9, 1936.

The opinion states the case.

*Victor Gleckler,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of chickens, and his punishment was assessed at confinement in the state penitentiary for a term of one year.

The testmony shows that on the night of August 6, 1934, approximately fifty chickens were taken from the possession of Mrs. Robert Seeling. Some of the chickens were stamped with the letters R. S. under the wing. Two days later the officers found one coop of chickens in the brush near appel-

lant's home, one coop near the hog pen, and several chickens in his yard. They caught some of the chickens running in the yard, examined them and found the letters R. S. stamped under the wing. After appellant was arrested he made a full and complete confession which was reduced to writing and signed by him. Appellant for the first time in his motion for a new trial asserts that the officers made a search of his premises without a search warrant and that the evidence obtained by them without a search warrant was inadmissible under art. 727a, C. C. P., 1925. The record fails to show that the officers did not have any search warrant and no objection was made to the introduction of said evidence when offered. In the absence of any showing that the officers made any search of his premises without a warrant the presumption prevails that they acted in accordance with the law of the land. Moreover appellant elicited the same facts on cross-examination from the State's witnesses and by direct testimony from appellant's wife. Hence, no reversible error is shown.

There are six bills of exception in the record, but they were not filed until May, 1936, some eighty-nine days after notice of an appeal was given without ever obtaining any order extending the time within which they might be filed. Hence, they cannot be considered under art. 760, C. C. P., 1925.

Appellant next contends that the court erred in overruling his plea of former jeopardy. We have carefully reviewed this record, but do not see how the question of former jeopardy could enter into this case. This was appellant's second appeal. At his first trial the jury found him guilty and assessed his punishment at confinement in the state penitentiary for a term of one year and judgment was entered accordingly. Thereafter the court granted him a new trial, but at a subsequent term the court undertook to set aside the order granting a new trial and sentenced him,—to which appellant excepted and from which he prosecuted his appeal. On that appeal this court held that the action of the trial court in attempting to set aside the order granting a new trial and sentencing him was void and for that reason reversed and remanded the case. Therefore, the case stood upon the docket as if a new trial had been granted. It seems quite obvious that the plea of former jeopardy did not apply and the court did not err in overruling the same.

It is therefore ordered that the judgment of the trial court be, and the same is, in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that his bills of exception were filed in time, and should be considered. Appellant's motion for new trial was overruled on February 15, 1936. Neither in the order overruling said motion, nor in connection with the passing of sentence on the same day, was any order made granting appellant more time for filing bills of exception than is allowed by statute. Art 760, C. C. P., in so many words, grants the accused thirty days, after the day of adjournment of court, in which to prepare and file bills of exception. The trial term of the court below ended on February 29th. Appellant's bills of exceptions were not filed until in May following. There was never at any time any order entered granting appellant additional time to that allowed by statute for such filing. Manifestly said bills of exceptions were filed too late.

Appellant refers to the fact that his statement of facts was considered. This is true, but the same article, to-wit: Art. 760, C. C. P., makes a difference between the time allowed for filing bills of exceptions and that for filing statements of facts, and the mandate of said statute is that any statement of facts filed within ninety days from the date notice of appeal is given must be considered. Appellant's statement of facts was filed within ninety days after the notice of appeal was given.

We find nothing else raised in appellant's motion for rehearing which we can consider. The motion is overruled.

*Overruled.*