### STATE v. CORA GASTON and DOWNEY CUNNINGHAM.

(Filed 19 November, 1952.)

**1. Criminal Law §§ 52a (8), 56, 57c—**

Objection that the evidence is not sufficient to carry the case to the jury must be raised by motion to nonsuit, G.S. 15-173, or by prayer for instructions to the jury, and may not be raised after verdict by motion for new trial or motion in arrest of judgment.

**2. Criminal Law § 56—**

Motion in arrest of judgment can be based only on matters which appear on the face of the record proper or on matters which should appear but do not, and therefore defects which appear only by aid of evidence cannot be the subject of motion in arrest of judgment, since the evidence is not a part of the record proper.

**3. Criminal Law §§ 77c, 78d (1)—**

A search warrant is no part of the record proper in a prosecution based on evidence obtained in the course of a search made under it, and therefore the absence of a search warrant in the record proper does not show that search was made without a warrant, but to the contrary, it will be presumed that the search was legally made under a proper warrant, and such record does not support defendants' contention, made for the first time on appeal, that their conviction was based on evidence rendered incompetent by positive legislative enactment, G.S. 15-27.

**4. Public Officers § 9—**

In the absence of evidence to the contrary, it will be presumed that the acts of public officers are in all respects regular.

APPEAL by defendants from *Sharp, Special Judge,* and a jury, at April Term, 1952, of MECKLENBURG.

Criminal prosecution for alleged violations of the statutes relating to alcoholic beverages in county coming under the provisions of the Alcoholic Beverage Control Act of 1937.

The facts are summarized in the numbered paragraphs set forth below.

1. Each defendant was charged by warrant in an inferior court of final jurisdiction, to wit, the Recorder's Court of Mecklenburg County, with

STATE *v.* GASTON.

violating this provision of the Alcoholic Beverage Control Act: "It shall be unlawful for any . . . person . . . to have in his . . . possession any alcoholic beverages . . . upon which the taxes imposed by the laws of Congress of the United States or by the laws of this State have not been paid." G.S. 18-48. Each defendant was convicted and sentenced by the Recorder, and appealed to the Superior Court of Mecklenburg County.

2. The charges against the defendants were consolidated in the Superior Court for the purpose of trial. The State offered testimony at the trial in that court tending to show that the defendants resided together in the City of Charlotte, and that on 22 March, 1952, law enforcement officers searched the common residence of the defendants and "found . . . two pints of non-tax-paid whiskey" in it.. There was no evidence whatever at the trial indicating whether or not the law enforcement officers were armed with a legal search warrant when they searched the dwelling of the defendants. The petit jury found "that the defendants are guilty as charged."

3. The defendants did not move for a compulsory nonsuit under G.S. 15-173, or tender to the court any requests for instructions to the jury, or object in any way to any of the proceedings of the Superior Court preceding the return of the verdict.

4. Upon the return of the verdict, the defendants moved successively for a new trial and in arrest of judgment on the ground that the verdict was based on insufficient evidence. The court overruled these motions, and the defendants preserved exceptions to these rulings. The court sentenced the defendants to imprisonment as misdemeanants, and they appealed to the Supreme Court, assigning the rulings on the motions for a new trial and in arrest of judgment as error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Charles V. Bell and P. H. Bell for defendants, appellants.*

ERVIN, J. Under the rules regulating practice and procedure in criminal actions, the objection that the evidence is not sufficient to carry the case to the jury or to sustain a verdict against the accused must be raised during the trial by a motion for a compulsory nonsuit under the statute now embodied in G.S. 15-173, or by a prayer for instruction to the jury. *S. v. Brady,* 177 N.C. 587, 99 S.E. 7; *S. v. Holder,* 133 N.C. 709, 45 S.E. 862; *S. v. Staton,* 133 N.C. 642, 45 S.E. 362; *S. v. Secrest,* 80 N.C. 450. It cannot be raised for the first time after verdict. *S. v. Jackson,* 190 N.C. 862, 129 S.E. 582; *S. v. Leak,* 156 N.C. 643, 72 S.E. 567; *S. v. Holder, supra; S. v. Staton, supra; S. v. Jarvis,* 129 N.C. 698, 40 S.E. 220; *S. v. Williams,* 129 N.C. 581, 40 S.E. 84; *S. v. Huggins,* 126 N.C.

1055, 35 S.E. 606; *S. v. Wilson,* 121 N.C. 650, 28 S.E. 416; *S. v. Harris,* 120 N.C. 577, 26 S.E. 774; *S. v. Hart,* 116 N.C. 976, 20 S.E. 1014; *S. v. Kiger,* 115 N.C. 746, 20 S.E. 456; *S. v. Varner,* 115 N.C. 744, 20 S.E. 518; *S. v. Braddy,* 104 N.C. 737, 10 S.E. 261; *S. v. Glisson,* 93 N.C. 506; *S. v. Keath,* 83 N.C. 626; *S. v. Hinson,* 82 N.C. 597; *S. v. Secrest, supra; S. v. Jones,* 69 N.C. 16. Hence it cannot be raised by a motion for a new trial (*S. v. White,* 162 N.C. 615, 77 S.E. 999), or by a motion in arrest of judgment. *S. v. Brady, supra; S. v. Francis,* 157 N.C. 612, 72 S.E. 1041; *S. v. Hawkins,* 155 N.C. 466, 71 S.E. 326; *S. v. Jarvis, supra; S. v. Wilson, supra; S. v. Furr,* 121 N.C. 606, 28 S.E. 552; *S. v. Thompson,* 97 N.C. 496, 1 S.E. 921.

The objection that the evidence is not sufficient to carry the case to the jury or to sustain a verdict against the accused cannot be urged in arrest of judgment for an additional reason. A motion in arrest of judgment can be based only on matters which appear on the face of the record proper, or on matters which should, but do not, appear on the face of the record proper. *S. v. Sawyer,* 233 N.C. 76, 62 S.E. 2d 515; *S. v. Mitchem,* 188 N.C. 608, 125 S.E. 190; *S. v. Shemwell,* 180 N.C. 718, 104 S.E. 885. The record proper in any action includes only those essential proceedings which are made of record by the law itself, and as such are self-preserving. *Thornton v. Brady,* 100 N.C. 38, 5 S.E. 910; *State ex rel. May Department Stores v. Haid,* 327 Mo. 567, 38 S.W. 2d 44; 23 C.J.S., Criminal Law, section 1515. The evidence in a case is no part of the record proper. *S. v. Matthews,* 142 N.C. 621, 55 S.E. 342. In consequence, defects which appear only by the aid of evidence cannot be the subject of a motion in arrest of judgment. *S. v. Sawyer, supra; S. v. Robertson,* 210 N.C. 266, 186 S.E. 247; *S. v. McKnight,* 196 N.C. 259, 145 S.E. 281; 23 C.J.S., Criminal Law, section 1526.

When these rules of criminal practice and procedure are applied to the transcript of the record on this appeal, it is obvious that the question of the sufficiency of the evidence to carry the consolidated cases to the jury and to support the verdict against the defendants is not before us. This is true because the defendants did not challenge the legal sufficiency of the evidence during the trial in the Superior Court by a motion for a compulsory nonsuit or by a prayer for instruction to the jury.

The defendants take the position for the first time in this Court that the State's testimony is made incompetent by a positive legislative enactment, and that their convictions and sentences must be reversed on this ground even though they did not object to the admission of the testimony. They advance these successive and interdependent arguments to support this position: That where evidence is obtained in the course of a search under a search warrant, the search warrant forms a part of the record proper in any criminal prosecution based on such evidence; that the

absence of a search warrant in the record proper certified to this Court as "the complete record" in the consolidated cases shows that the search of the dwelling of the defendants was made without a search warrant; that the search of the dwelling of the defendants was made under conditions requiring the issuance of a search warrant; and that for these reasons the State's evidence in the consolidated cases falls under the condemnation of the statutory provision that "no facts discovered or evidence obtained without a legal search warrant in the course of any search, made under conditions requiring the issuance of a search warrant, shall be competent as evidence in the trial of any action." G.S. 15-27 as amended by Ch. 644 of the 1951 Session Laws.

The position of the defendants is untenable because its underlying premise is unsound. A search warrant is no part of the record proper in a prosecution based on evidence obtained in the course of a search made under it. This being true, the absence of a search warrant in the record proper certified to this Court as "the complete record" in the consolidated cases does not show that the search of the habitation of the defendants was made without a search warrant.

If an appellant is to secure a ruling by this Court adjudging facts discovered or evidence obtained in the course of a search to be incompetent, he must incorporate in his case on appeal circumstances disclosing that such facts were discovered or such evidence was obtained by a search made in violation of the statute. Since the case on appeal in the consolidated cases reveals that there was no evidence at the trial indicating whether or not the law enforcement officers were armed with a legal search warrant when they searched the dwelling of the defendants, we necessarily indulge the assumption that the search of the habitation of the defendants was made by the law enforcement officers under a legal search warrant. *S. v. Rhodes,* 233 N.C. 453, 64 S.E. 2d 287; *S. v. Gross,* 230 N.C. 734, 55 S.E. 2d 517; *S. v. Shermer,* 216 N.C. 719, 6 S.E. 2d 529; *Alexander v. State,* 131 Tex. Cr. R. 366, 99 S.W. 2d 305. In so doing, we merely apply the presumption that in the absence of evidence to the contrary, courts are bound to presume that the acts of public officers are in all respects regular. *S. v. Wood,* 175 N.C. 809, 95 S.E. 1050; *S. v. Bridgers,* 87 N.C. 562; Stansbury: North Carolina Evidence, section 235; 22 C.J.S., Criminal Law, section 589.

No error.