ROSCOE W. TURNER, ADMINISTRATOR, v. SOUTHERN GAS
IMPROVEMENT COMPANY.

(Filed 23 February, 1916.)

**1. Appeal and Error—New Trial—Offer of Appellee.**

Upon application in the Supreme Court for a *certiorari*, wherein it appears that the appellant has perfected his case except that for illness of the trial judge the case has not been settled, and that a new trial, at most, could be obtained; and in view of the uncertainty when the trial judge will be able to settle the case, and to avoid delay, the appellee has served on the appellant an offer that a new trial shall be granted, the Supreme Court will grant his motion, made therein to that effect.

**2. Same—Costs.**

Where the Supreme Court grants appellee's motion made upon his offer for a new trial, the overruling of appellant's motion to nonsuit involves only the costs of appeal, which will be taxed in the discretion of the Court, the costs of the trial in the Superior Court being taxed against the party ultimately losing therein.

APPEAL by defendant from *Cooke, J.,* at November Term, 1915, of PASQUOTANK.

*Ehringhaus & Small for plaintiff.*
*Ward & Thompson for defendant.*

CLARK, C. J. This is an application for *certiorari*. It appears that the statement of the case on appeal and counter-case were served in the

proper time, and that the case on appeal, counter-case, notes of testimony, and the judge's charge were sent by registered mail by the appellant to the trial judge to settle the case; but that by reason of the illness of the judge, and his absence at a sanitarium in another State, the case has not been settled on appeal by the judge.

In the meantime the appellee has served on the appellant an offer that a new trial shall be granted. This is the utmost that could be had if the appellant should be successful in the appeal. The appellee consents to the new trial to avoid delay in view of the uncertainty as to when the judge shall be able to settle the case for this Court. It is true that the appellant contends that one of his exceptions is to the refusal of a motion for nonsuit on the ground of the insufficiency of the evidence. But this involves only the cost of the appeal, as the same motion can be made at another trial on the evidence then offered, and the presumption is that if well founded it will be granted then or on an appeal from its refusal. Besides, as the appellee consents to a new trial, the costs on appeal must be taxed against him. The costs of the trial already had below would go against the party ultimately cast, in any event, whether the appellant had won in this appeal or not.

Under these circumstances the motion by the appellee for a new trial must be granted. *Ritter v. Grimm,* 114 N. C., 377; *S. v. Huggins,* 126 N. C., 1055.

Remanded for a new trial.