## STATE v. WILLIAM BRIDGERS.

*Practice—Preliminary Examination before a Justice.*

1. Where the records show that, upon preliminary examination of a charge of murder, the prisoner was brought before A. B., an acting

justice of the peace, charged with the offence, it sufficiently appears that the justice was acting in his official capacity in conducting the inquiry.

2. In such case the magistrate is not required to write down the very words of a witness, and the examination may be used before the grand or petit jury if the witness be dead.

(State v. King, 86 N. C., 603 ; State v. Grady, 83 N. C., 643, cited and and approved.)

INDICTMENT for murder, tried at Spring Term, 1882, of WAYNE Superior Court, before Gilmer, J.

Verdict—guilty of manslaughter, judgment, appeal by prisoner.

Attorney General, for the State.
Messrs. Strong & Smedes, for the prisoner.

SMITH, C. J.  The prisoner and one McLean Lanier are charged in different counts of the indictment as principals in the first and second degree, each with the murder of one Jacob Best, by cutting and stabbing with a knife, and the prisoner alone being arraigned was tried upon his plea of not guilty.  The jury in their verdict acquit of the murder and find him guilty of the felonious slaying, as charged in the bill.  The only error assigned in the record is in the admission in evidence against the accused of the examination of the deceased taken before a justice on the day after the assault.

Preliminary to its introduction, the state examined the said justice who testified that the accused was brought before him, an acting justice of the peace of the county, charged with having cut the deceased, and upon an investigation of the charge, the deceased was examined for the state upon interrogations put by himself, and the answers written down by himself, as they were made; that the prisoner put some few questions to the deceased, which with the answers thereto were not put down, because not deemed to be material to the inquiry pending before him,

and that these were but a repetition of the testimony given in before and already written down; that the testimony of the deceased was then read over to him and assented to and signed, and it contains the substance of all that was said by the deceased in reply to both the direct and cross-interrogations, and that the prisoner was present during the whole time.

Upon this statement the solicitor offered in evidence the examination of the deceased identified by the justice, and upon objection of the prisoner, which was overruled, it was received and read to the jury.

The admissibility of the testimony is contested before us upon two grounds :

1. That it does not appear to have been taken during a judicial inquiry into the charge made against the prisoner; and

2. That it is not full, embodying the substance and not the words of the deceased.

We think neither exception is tenable.

It is quite apparent from the record that the justice entered into an inquiry as to the offence in his official capacity, and during its pendency took the examination of the deceased. He says in express terms that " the defendant was brought before him, an acting justice of the peace of said county, charged with said cutting," that is, the cutting of the deceased, and this point was not made in the court below. It sufficiently appears to us, if the exception could be entertained, made here for the first time, as under the settled rules of practice it could not, that the justice was acting officially, and making a judicial investigation of the alleged offence when the examination of the deceased was taken.

The examination seems to have been conducted in strict conformity with the provisions of the statute. The magistrate is not required to write down the very words of the witness

as they are uttered. It is sufficient if he puts down fully and accurately the testimony of the witness as he intends it upon the subject matter of inquiry. He must commit to writing in the words of the statute whatever the witness says "in regard to the offence charged, and in regard to any other matters connected with such charge which such magistrate may deem pertinent." Bat. Rev., ch. 33, § 21. The correctness of the examination in the present case is further verified by reading it over to him and obtaining his approval. Such examination is authorized to be used before the grand jury, or upon the trial before the petit jury when the witness is dead. § 34; *State* v. *King*, 86 N. C., 603.

We are unable to discover any error in the record, and before concluding we deem it proper again to advert to the possible consequences of a new trial, as we did in *State* v. *Grady*, 83 N. C., 643, where the conviction has been for the subordinate and included offence of manslaughter, without however expressing an opinion whether the new trial is of the offence charged on the bill or of that of which the accused has been convicted, about which the decisions and writers on criminal law widely differ.

There is no error. Let this be certified to the end that judgment be pronounced on the verdict.

No error. Affirmed.