STATE v. ERNEST RHODES.

(Filed 11 April, 1951.)

**1. Searches and Seizures § 2: Criminal Law § 43—**

Where one officer armed with a "John Doe" warrant and another officer armed with a valid warrant correctly identifying the owner of the premises, act in concert in making the search, it will be presumed that both officers acted under the valid writ, and evidence discovered by such search is competent.

**2. Same—**

Where the warrant and the supporting affidavit recite compliance with the statutory requirements, G.S. 18-13, G.S. 15-27, it will be presumed that the issuing officer properly examined the complainant and otherwise observed the requirements of the statute.

**3. Intoxicating Liquor § 9d—Circumstantial evidence held sufficient to support conviction of possession of nontax-paid liquor.**

Evidence disclosing that a quantity of nontax-paid liquor was found in a locked smokehouse on defendant's premises, that defendant admitted having the key to the smokehouse but failed to produce it, that in another locked building to which defendant's employee had the key, fifteen hundred or more empty pint taxpaid liquor bottles were found, that a path led from defendant's dwelling to the smokehouse, *is held*, together with the other incriminating circumstances, sufficient to be submitted to the jury on the charge of possession of nontax-paid whiskey for the purpose of sale, it further appearing that the garage apartments occupied by the defendant's tenants were separate from his dwelling from which the incriminating path led.

APPEAL by defendant from *Stevens, J.,* and a jury, at 27 November Term, 1950, of LENOIR.

Criminal prosecution tried upon a warrant charging the defendant with the unlawful possession of nontax-paid whiskey for the purpose of sale.

The State's evidence tends to show that the defendant's premises (consisting of dwelling, combination filling station and general store, two garage apartments occupied by tenants, and other buildings) located on the Deep Run Road about a mile and a half from Kinston, were searched by two county alcoholic beverage control officers on 7 October, 1950. All of the defendant's buildings are located within a radius of one hundred twenty-five feet or less from the filling station.

When the officers arrived at defendant's place, he was not there. After searching out several buildings on the premises, the officers went to an old smokehouse owned by the defendant located about sixty feet behind a house rented to one Phillips and about one hundred fifty feet from the

defendant's dwelling house. A well-worn path led from the defendant's house to the smokehouse. Finding the smokehouse locked, the officers waited at the store for the defendant to return. He rode by in an automobile and, seeing the officers, did not stop, but returned an hour or so later. He was told by the officers that they had a search warrant and would like to search the smokehouse. When he was requested to give them the key, he admitted having it, but failed to find or produce it. The hasp was pried off the smokehouse door by the officers and four one-gallon jugs of nontax-paid whiskey were found inside, along with some forty-odd empty jugs and over one hundred fifty empty pint bottles. The empty jugs and bottles smelled like whiskey.

In a feed bin about fifty feet behind the defendant's store, which was also locked, the officers found, while waiting for the defendant to return, fifteen hundred to two thousand empty pint tax-paid liquor bottles. They gained access to the building with a key furnished by a clerk at the defendant's store.

The defendant did not go upon the witness stand, but offered evidence tending to show that he did not have a key to the smokehouse and that it was not occupied by him.

From a verdict of guilty, and judgment thereon imposing penal servitude of eighteen months, the defendant appeals, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of Staff, for the State.*
*Jones, Reed & Griffin for defendant, appellant.*

JOHNSON, J. The State in making out its case relied mainly upon the testimony of officer G. C. Cox. The defendant objected to all incriminating facts given in evidence by this witness on the ground that his knowledge in respect thereto was obtained in the execution of illegal search warrants. The exceptions preserving these objections have been brought forward and form the basis of the defendant's main challenge to the validity of the trial below.

It appears in evidence that officer Clarence Bland obtained a search warrant to search the premises of the defendant Ernest Rhodes, described as including "his dwelling, garage, filling station, barn and outhouses, and premises, which is located on Deep Run Road and near Jenkinsville, which is located in Neuse Township, Lenoir County, N. C."

A similar warrant was obtained by officer Cox, naming "John Doe" as the person whose property was to be searched and describing the same property as it set out in the companion warrant against the defendant.

In the court below, the defendant contended that the testimony of officer Cox was incompetent on the ground that both search warrants

were invalid. The court ruled with the defendant as to the John Doe warrant, announcing that "I will admit any evidence that is competent under the search warrant against Ernest Rhodes, on the premises: the dwelling, garage, filling station, outhouse and premises of Ernest Rhodes, and I will exclude any evidence under the other warrant." The presiding judge further qualified his ruling by stating: "I will admit evidence as to all buildings occupied by this defendant, but not as against the buildings occupied by tenants." The foregoing rulings in effect amounted to a quashal of the John Doe warrant.

The testimony of officer Cox then appears to have been offered by the State and admitted in evidence by the court upon the theory that the search was made by officers Cox and Bland together, acting in concert under the warrant of officer Bland, which was held to be valid. This ruling is sustained by the presumption that the officers acted, not under the invalid warrant, but under the valid writ. Wharton's Criminal Evidence, Vol. 1, p. 177. No error may be predicated upon this ruling in the absence of a showing that the search warrant against the defendant was not issued according to the procedural formalities of G.S. 15-27, which provides as follows: "Any officer who shall sign and issue or cause to be signed and issued a search warrant without first requiring the complainant or other person to sign an affidavit under oath and examining said person or complainant in regard thereto shall be guilty of a misdemeanor; and no facts discovered by reason of the issuance of such illegal search warrant shall be competent in the trial of any action."

The defendant in attacking the validity of the search warrant against him specifies no particular defect therein. He simply contends that the State did not offer evidence showing affirmatively that the warrant was issued in accordance with the statutory requirements. The contention is without merit. Officer Cox testified: "Mr. Bland obtained a search warrant on or about October 7th, to search the premises of Ernest Rhodes. I was with Mr. Bland at the time; this is the search warrant." The warrant and supporting affidavit are set out in the record and it appears that they comply with the requirements of the statutes, G.S. 18-13 and G.S. 15-27. This being so, it is presumed that the issuing officer properly examined the complainant and otherwise observed the requirements of the statute. Wharton's Criminal Evidence, Vol. 1, pp. 176 and 179. See also *S. v. Shermer*, 216 N.C. 719, 6 S.E. 2d 529; *S. v. Elder*, 217 N.C. 111, 6 S.E. 2d 840. It follows that the testimony of officer Cox was properly admitted by Judge Stevens.

The defendant's remaining exceptions test the sufficiency of the evidence to take the case to the jury. The record indicates that the nontax-paid whiskey was found on property owned by the defendant, near his dwelling and place of business. A path led from his dwelling to the

smokehouse in which the liquor was found; the smokehouse was padlocked, and the defendant, when told that the officers would like to search the building, replied that "You won't find anything in there." He later said, "I have the key here some place," but failed to produce it, and upon being told that the officers would break in, he said, "If you break in you will have to fix it back." Elsewhere on the defendant's property, within about fifty feet of his store, in a building which was locked, were found fifteen hundred to two thousand empty pint tax-paid liquor bottles, and an employee of the defendant had in his possession the key to the building. This evidence, with other incriminating circumstances shown in evidence, it would seem, was sufficient to take the case to the jury. *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600; *S. v. Pierce,* 192 N.C. 766, 136 S.E. 121; *S. v. Weston,* 197 N.C. 25, 147 S.E. 618.

No error.