### STATE v. BOB HONEYCUTT.

(Filed 29 April, 1953.)

**1. Public Officers § 9—**

In the absence of evidence to the contrary, it is presumed that the acts of a public officer are in all respects regular.

**2. Arrest and Bail § 3—**

In a prosecution for resisting arrest, the failure of the State to introduce evidence tending to prove the validity of the warrant of arrest does not justify nonsuit when defendant does not challenge the validity of the warrant, since, in the absence of a showing to the contrary, it will be presumed that the warrant and order of arrest were legally adequate. G.S. 14-223.

**3. Criminal Law § 78e (2)—**

A misstatement of the evidence or the contentions of the parties arising thereon must be called to the attention of the trial judge at the time so as to afford an opportunity for correction, and such inaccuracies may not be challenged for the first time on appeal.

**4. Criminal Law § 78b—**

The theory upon which a case is tried in the lower court must prevail in considering the appeal and interpreting the record and determining the validity of the exceptions.

**5. Arrest and Bail § 3—**

In this prosecution for resisting arrest, the failure of the court to charge that the jury must be satisfied beyond a reasonable doubt that the arresting officer had in his possession a valid warrant of arrest *held* not reversible error in view of the theory of trial in the lower court, the validity of the warrant not having been challenged during the trial.

**6. Criminal Law § 81b—**

Verdicts and judgments are not to be set aside for mere error and no more, and appellant has the burden not only to show error but also that the alleged error is material and prejudicial.

**7. Criminal Law § 78e (1)—**

An exception to what the court did say does not necessarily challenge the court's omission to charge further on any related phase of the case.

APPEAL by defendant from *Sink, J.,* and a jury, at October Term, 1952, of AVERY.

Criminal prosecution tried upon bill of indictment charging the defendant with resisting arrest, in violation of G.S. 14-223. The bill follows the language of the statute. The jury returned a verdict of guilty as charged, and from judgment pronounced, imposing penal servitude of seven months, the defendant appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Robert L. Emanuel, Member of Staff, for the State.*

*Wade E. Brown and Trivette, Holshouser & Mitchell for defendant, appellant.*

JOHNSON, J. First, the defendant urges that the evidence was insufficient to carry the case to the jury over his motion for judgment as of nonsuit made at the conclusion of all the evidence. This brings into focus the evidence relied on by the State.

Will J. Harmon testified: "I hold the position of Deputy Sheriff with Avery County. I was Deputy Sheriff on the 25th day of June, 1952. I know Bob Honeycutt. . . . On that day Mr. E. M. Harmon gave me a

warrant for him for a worthless check. I went up the road and . . . met him and his son in a car. . . . I went a little piece and turned around—came back down the road and overtook them—they was driving slow, and I blowed and they pulled out. His son was driving. . . . I parked my truck down in the middle of the road. It is a one-way road. I stopped in front of his truck and went back—had the warrant in the glove compartment of my truck—went back got it in my hand and went on the lefthand side of the car. Bob Honeycutt was on the lefthand side of the car. I said, 'Mr. Honeycutt, I have got a warrant for you,' . . . He said, 'What for, can't you read it?' I commenced reading it—read down to where it said worthless check. He said, 'you are scared too bad to read it'—snatched it out of my hand. . . . I opened the door and took Mr. Honeycutt by the arm and pulled him out. He said, 'I ain't going with you.' Well, I pulled him out, . . . the boy said to me, 'You are going to get your G— d— head beat off.' I said, 'I am a deputy sheriff and a sick man, besides,' and just went dragging him on down. He said, 'I ain't going, you will have to take me.' I got nearly down to the truck, the boy (defendant's son) come around back of the car. (Then followed a narrative account of the argument which ensued between officer Harmon and defendant's son) . . . the boy then hit me . . . I ran to get the key out of the car (defendant's) ; the boy grabbed me and held me. He told his daddy to get the key and his daddy got it. . . . they jumped on the car and run and I ordered them both under arrest and they both jumped in the car and run. . . . I ran them for three miles, they got away. . . . He (defendant) had the warrant when he left. I don't know what he done with it."

The defendant testified in part: ". . . We pulled out on the side of the road and he (Deputy Harmon) passed us and he come back by the side of the truck and said, 'Is this Bob Honeycutt?' and I answered, 'Yes.' He said, 'I have got a paper here for you,' and he read it and handed it to me. I layed it down on my lap, reached in to get my glasses. . . . (cross-examination) . . . When Mr. Harmon told me he had a warrant or paper for me, I did not tell him he was too scared to read it. He handed it to me in the car and said, 'Read it.' "

As bearing on the question of nonsuit, the defendant's chief contention is that the State's case fails for want of specific proofs respecting the facts in connection with the issuance and contents of the warrant, such as (1) who issued the writ, (2) whether it contained an order of arrest, (3) whether it was issued by a justice of the peace of Avery County, or some other county, and (4) if the latter, whether it was properly endorsed as required by G.S. 15-22. The defendant urges that in the absence of specific proofs in respect to these factors, the State failed to show that the arresting officer was acting under valid process.

As to this contention, it is noted from a perusal of the record that in the trial below the defendant did not challenge the validity of the warrant. And the rule is that in the absence of evidence to the contrary it is presumed that the acts of a public officer are in all respects regular. *S. v. Gaston,* 236 N.C. 499, 73 S.E. 2d 311; *S. v. Rhodes,* 233 N.C. 453, 64 S.E. 287; *S. v. Wood,* 175 N.C. 809, 95 S.E. 1050. Therefore the State had the benefit of the presumption that Deputy Sheriff Harmon was acting under a warrant and order of arrest which were legally adequate to authorize the arrest.

The evidence was sufficient to take the case to the jury, and the court below properly overruled defendant's motion for judgment as of nonsuit.

Assignments of error Nos. 3, 4 and 5 (based on Exceptions Nos. 6, 7, and 8) relate to the court's reference to the evidence and statement of contentions in charging the jury. However, as to these assignments, the record discloses that the matters complained of passed unchallenged below. The rule is that a misstatement of the evidence, or of contentions of the parties arising on the evidence must be called to the attention of the trial judge at the time so as to afford an opportunity for correction before the case is given to the jury. It is too late to challenge such inaccuracies for the first time on appeal. *In re Will of Kemp,* 236 N.C. 680, 73 S.E. 2d 906; *Powell v. Daniel,* 236 N.C. 489, 73 S.E. 2d 143.

Next, the defendant assigns as error this excerpt from the charge of the court: "your minds must be satisfied to a moral certainty that Harmon was a deputy sheriff, that Harmon was in the performance of his duty on the occasion in question, that he arrested, or was in the attempt or process of arresting the defendant, and that by force, unlawfully and wilfully, by the aid of his son, or by his own resistance individually, prevented, delayed, obstructed the carrying out of the official duties of the said Harmon in the performance of his public duty, and if you are so satisfied it will be your duty to return a verdict of guilty."

The fault which the defendant finds with this instruction is, as pointed out in the brief, that it does not include a statement "that the jury must also be satisfied beyond a reasonable doubt that Harmon had in his possession a valid warrant of arrest for the defendant, before the jury could return a verdict of guilty."

The exception is without substantial merit. An examination of the record discloses as we have seen that the validity of the warrant was never challenged during the course of the trial. Officer Harmon testified he had a warrant and that it was snatched away from him (and kept) by the defendant. The defendant also testified that Harmon told him he had a paper for him and that "he read it and handed it to me." Nowhere in the defendant's evidence, or in the cross-examination of the State's witnesses, is there any intimation that the warrant was invalid.

Moreover, it is observed that the court in another part of its charge—when discussing the defendant's contention that the arresting officer was motivated by spite—told the jury: "if the witness Harmon is found by you, beyond a reasonable doubt, to have been (a) duly authorized and accredited officer of Avery County and had a warrant in his hand for the arrest of Honeycutt, that he had the right to make the arrest, regardless of any previous difficulties between them."

Accordingly, the challenged instruction to the jury that "your minds must be satisfied to a moral certainty that Harmon . . . was in the performance of his duty on the occasion in question, . . ." when considered contextually with the rest of the instructions and in the light of the theory of the trial may not be held as prejudicial error. The theory upon which a case is tried in the lower court must prevail in considering the appeal and interpreting the record and determining the validity of the exceptions. *Parrish v. Bryant, ante,* 256, 74 S.E. 2d 726, and cases cited. Therefore, if it be conceded that the challenged instruction was technically incomplete, even so, an over-all study of the record leaves the impression that the oversight was not of sufficient moment to have changed the result of the trial. Verdicts and judgments are not to be set aside for mere error and no more. To accomplish this result it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, and that a different result likely would have ensued, with the burden being on the appellant to show this. *S. v. Rainey,* 236 N.C. 738, 74 S.E. 2d 39, and cases cited.

Besides, an exception to what the court did say does not necessarily challenge its omission to charge further on a related phase of the case. *Karpf v. Adams* and *Runyon v. Adams, ante,* 106, 74 S.E. 2d 325. *Cf. S. v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867.

We have examined the rest of the defendant's exceptive assignments and find them to be without substantial merit.

On the record as presented prejudicial error has not been made to appear. The verdict and judgment will be upheld.

No error.