For reasons stated, let there be a

New trial.

---

STATE v. DOUG BRADY.

(Filed 14 October, 1953.)

**1. Searches and Seizures § 2—**

A warrant for the search of designated premises for intoxicating liquor, issued upon the sworn affidavit of the sheriff of the county by the clerk of the Superior Court acting as *ex officio* clerk of the county criminal court, G.S. 7-395, is valid under the provisions of G.S. 18-13.

**2. Public Officers § 9—**

In the absence of evidence to the contrary, it will be presumed that the acts of a public officer are in all respects regular.

**3. Criminal Law § 53b—**

An instruction that the burden is upon the State to satisfy the jury of defendant's guilt must be held for reversible error.

**4. Criminal Law § 83—**

Where judgment rendered in the trial upon one bill of indictment is upheld, but the sentence thereon provides that it should begin at the expiration of sentences imposed upon convictions under two other bills of indictment in each of which a new trial has been awarded, sentence in the judgment upheld becomes uncertain and indefinite, and the case will be remanded for proper sentence thereon.

APPEAL by defendant from *Frizzelle, J.*, at March Term, 1953, of LEE.

Two criminal prosecutions Nos. 6908 and 6909 upon two bills of indictment charging defendant, in the former, with unlawful possession of five pints of intoxicating whiskey for the purpose of sale and, in the latter, with unlawful possession of one pint of intoxicating liquor for the purpose of sale, both on 3 February, 1953—consolidated for purpose of trial.

Plea of defendant: Not guilty.

Upon the trial in Superior Court the case on appeal discloses.that the State offered evidence tending to show that on 3 February, 1953, at 1:45 p.m., an ABC officer of Durham County, at the instance of the Sheriff of Lee County, went to the home of defendant and, without identifying himself, or being requested to do so, purchased from defendant one pint of whiskey, Charter Oak, and paid defendant therefor the sum of $3.75; that defendant opened the door to a cabinet sitting right at the head of his bed, picked up a pint of Charter Oak and gave it to the officer; that at that time there looked to be 12 or 15 pints in there; that the officer took the pint of whiskey to the courthouse and delivered it to the sheriff, and reported to him what he had found out there that day; that the sheriff, upon written affidavit, applied to the clerk of Superior Court, who is *ex officio* clerk of the County Criminal Court of Lee County, for a search warrant to search the home place of defendant, and obtained such warrant directed to the sheriff of Lee County; that acting under this search warrant deputies sheriff went to the home of defendant, who was absent, and after exhibiting the search warrant to his wife, searched the house, and found and seized five pints of Charter Oak brand of whiskey in the cabinet beside the bed; and that all this whiskey, the one pint, and the five pints, had on them Federal Tax stamps, and District of Columbia tax stamp.

The case on appeal also shows that on cross-examination of the sheriff, who testified as a witness for the State, he stated that he did not tell the

clerk the source of his information and only stated to him that he had information that defendant had some more liquor, and signed the affidavit, and swore to it with a Bible in his left hand, and his right uplifted.

When the State rested its case, defendant moved to strike the testimony of the officers on the ground that the search warrant "(1) was not procured properly under the terms of the statute, and (2) it is invalid." The motions were each overruled and defendant excepted to each ruling.

Thereupon defendant offered no evidence, and renewed motion for judgment as of nonsuit. Motion overruled. Exception.

The case was submitted to the jury under the charge of the court.

Verdict: Guilty in Nos. 6908 and 6909 in manner and form as charged.

Judgment: In No. 6908: Confinement in the common jail of Lee County and assigned to work the roads under the direction of State Highway and Public Works Commission, sentence to begin at expiration of sentence in No. 6685. In No. 6909: Like sentence to that in No. 6908. Sentence to begin at expiration of sentence in No. 6908.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Pittman & Staton and McLean & Stacy for defendant, appellant.*

WINBORNE, J.   The assignments of error brought up on this appeal raise two questions:

1. Is the search warrant, issued under the circumstances shown, valid?

2. Is there error in the charge of the court to the jury?

I.   The subject of the requirements of law in issuance of a search warrant for searching for intoxicating liquors has been treated by this Court cotemporaneously herewith in the case of *S. v. Brady, ante,* 404, numbered 6685 in the Superior Court. It is there held that the provisions of G.S. 18-13 rather than G.S. 15-27 control. See also *S. v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537.

And it is provided in G.S. 18-13 that upon information furnished under oath by an officer charged with the execution of the law, before a justice of the peace, recorder, mayor, or other officer authorized by law to issue warrants, that he has reason to believe that any person has in his possession, at a place or places, specified, liquor for the purpose of sale, a warrant shall be issued commanding the officer to whom it is directed to search the place or places described in such information. A sheriff is such an officer charged with the execution of the law. Then the question arises: Is the clerk of Superior Court such "other officer authorized by law to issue warrants?" We so hold. G.S. 7-395.

This statute, G.S. 7-395, empowers and authorizes the clerks of the Superior Court as *ex officio* clerks of County Criminal Courts, upon application and the making of proper affidavit, as provided by law "to issue any criminal warrant, peace warrants, subpoenas and/or other processes of law in said court," etc.

The search warrant here purports to be signed in name of "E. M. Underwood, Clerk of Superior Court and *ex officio* Clerk County Criminal Court of Lee County." And, as stated by *Johnson, J.,* in *S. v. Honeycutt,* 237 N.C. 595, 75 S.E. 2d 525, "the rule is that in the absence of evidence to the contrary it is presumed that the acts of a public officer are in all respects regular," citing *S. v. Gaston,* 236 N.C. 499, 73 S.E. 2d 311; *S. v. Rhodes,* 233 N.C. 453, 64 S.E. 2d 287; *S. v. Wood,* 175 N.C. 809, 95 S.E. 1050.

II.  Do the assignments of error based on exceptions to the charge show prejudicial error?

A careful consideration of it leads to the conclusion that in so far as the charge relates to the indictment in case No. 6909 for having in possession "one pint of intoxicating whiskey, for the purpose of sale" error is not shown. But it seems that the charge relating to the indictment in case No. 6908 for having in possession "five pints of intoxicating whiskey for the purpose of sale" is vulnerable to the challenge in respect to burden of proof. It is pointed out that the charge concludes with this instruction : "If the State has satisfied you upon the evidence of the defendant's guilt, in this case dealing with five pints of intoxicating whiskey, then it is your duty to so find. If the State has failed to so satisfy you, then it is your duty to render a verdict of not guilty." Exception thereto is well taken. See *S. v. Brady, ante,* 404 (Superior Court No. 6685).

Hence for reasons stated there must be a new trial in No. 6908. And in No. 6909 the verdict of the jury will stand, but since the sentence imposed in the judgment of the court below is made to begin on the expiration of the sentence in No. 6908, and the sentence in No. 6908 is made to begin on the expiration of the sentence in No. 6685, in each of which, Nos. 6685 and 6908, a new trial is ordered, the judgment becomes uncertain and indefinite. Hence the judgment in No. 6909 is set aside, and the case remanded for proper sentence on the verdict rendered.

In No. 6908—New trial.

In No. 6909—Remanded for judgment.