STATE v. ROY McGOWAN.

(Filed 13 January, 1956.)

**1. Indictment and Warrant § 6½ —**

A valid warrant of arrest must be based on an examination of the complainant under oath, must identify the person charged, contain directly or by proper reference at least a defective statement of the crime charged, be directed to a lawful officer or to a class of officers commanding the arrest of the accused, and be issued by an officer, lawfully authorized to do so. G.S. 15-18.

**2. Same—**

The issuance of a warrant is a judicial act; the service of a warrant is an executive function.

**3. Same: Criminal Law § 77c—**

The presumption in favor of the validity of acts of public officials which would ordinarily sustain a warrant not introduced in evidence, does not

obtain when the validity of the warrant is challenged in the Superior Court, and testimony and statements in the record disclose that it was not issued by an officer authorized to issue same, without evidence to the contrary.

**4. Indictment and Warrant § 6 ½ —**

An order of arrest signed by a police officer and not by a judicial officer as required by G.S. 15-18, is void.

**5. Arrest and Bail § 3—**

Where police officers attempt an arrest upon an invalid warrant of arrest, the person sought to be arrested has a legal right to resist, and his motion to nonsuit in a prosecution for resisting arrest should be allowed.

APPEAL by defendant from *Hall, S. J.,* May Term 1955, Superior Court of ALAMANCE.

Criminal prosecution upon a warrant charging the defendant with resisting arrest. This charge grew out of an altercation between the defendant and police officers when they sought to arrest him on a charge of disorderly conduct. Also growing out of the arrest was a charge against one of the officers for assaulting the defendant. The three cases were appealed from the Municipal-Recorder's Court to the Superior Court of Alamance County where they were consolidated and tried together before a jury. The officer was convicted of assaulting the defendant. The defendant was acquitted on the charge of disorderly conduct. He was convicted on the charge of resisting arrest. From the judgment pronounced he appealed, assigning errors.

*William B. Rodman, Jr., Attorney General, and Harry W. McGalliard, Asst. Attorney General, for the State.*

*P. W. Glidewell, Sr., and W. R. Dalton, Jr., for defendant, appellant.*

HIGGINS, J. The defendant's principal assignment of error is based on his exceptions to the refusal of the court to grant his motions for judgment as of nonsuit. The resistance charge consisted of language and an effort on the part of the defendant to pull away from the officers as they forced him into the police car following the arrest. While the evidence of resistance was conflicting, it was sufficient to take the case to the jury, *provided* the officers were armed with a warrant sufficient in law to justify them in undertaking the arrest.

A valid warrant of arrest must be based on an examination of the complainant under oath. G.S. 15-19. It must identify the person charged. *Carson v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609. It must contain directly or by proper reference at least a defective statement of the crime charged. *S. v. Gupton,* 166 N.C. 257, 80 S.E. 989; *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470. It must be directed to

a lawful officer or to a class of officers commanding the arrest of the accused. C.J.S., Vol. 22, p. 474. It must be issued by an officer thereto lawfully authorized, that is, the Chief Justice or one of the Associate Justices of the Supreme Court, a Judge of the Superior Court, a judge of a criminal court, a presiding officer of an inferior court, a justice of the peace, a mayor of a city or other chief officer of an incorporated town. G.S. 15-18. The issuance of a warrant of arrest is a judicial act. The service of the warrant is an executive function.

In this case neither the State nor the defendant introduced the warrant in evidence. If nothing else appears and if no objection to the validity of the warrant had been raised in the Superior Court, we would be justified in presuming the officers of the law performed their legal duties and that the warrant was legal and valid. *S. v. Honeycutt,* 237 N.C. 595, 75 S.E. 2d 525; *S. v. Gaston,* 236 N.C. 499, 73 S.E. 2d 311; *S. v. Rhodes,* 233 N.C. 453, 64 S.E. 2d 287; *S. v. Wood,* 175 N.C. 809, 95 S.E. 1050; *S. v. Bridgers,* 87 N.C. 562; Stansbury on Evidence, Sec. 235. In this case, however, something else *does* appear and the validity of the warrant *was* challenged in the Superior Court.

The State's witness, Police Sergeant Dupree, testified that he went to headquarters, got the warrant, signed it himself, charging the appellant with disorderly conduct. Another State's witness, J. M. Williams, testified that at the time of the arrest appellant asked Sergeant Dupree who signed the warrant, and Dupree answered: "Signed by me for disorderly conduct and that you are under arrest." The following appears in the record: "The warrant for disorderly conduct under which the defendant was being arrested at the time he was charged to have resisted arrest was not formally introduced in evidence. However, the warrant was before the court to the extent that the fact that the cases were consolidated for trial so placed it. At the time of the defendant's arrest the warrant read: 'Johnny Dupree, being duly sworn, deposes and says that Roy McGowan on or about the 18th day of September 1954, with force and arms at and in the county aforesaid and within the corporate limits of the City of Burlington, N. C., did unlawfully be disorderly by cursing and/or swearing in a public place and/or using language calculated to bring about a breach of the peace against the statute in such case made and provided, and against the peace and dignity of the State and/or in violation of the City Ordinance, Section .......' " There was no conflicting evidence, either as to the contents of the warrant or as to the person who signed it.

Without approving in form or substance the document described as a warrant, it·was at most an affidavit of a complaining witness upon which a warrant of arrest might be predicated. The evidence shows it was signed not by one authorized to issue a warrant of arrest, but by a

police officer. The evidence goes no further. In passing on the question presented by the appeal we must take the record as we find it. We cannot supply missing essentials by speculation. Lacking an order of arrest signed by a judicial officer, the police officers were without authority to take the appellant in custody. He had a legal right to resist.

The evidence was insufficient to go to the jury. The court committed error in denying defendant's motion. The judgment of the Superior Court of Alamance County is

Reversed.