State v. Carroll

We find no error.

No error.

Judges MORRIS and VAUGHN concur.

---

STATE OF NORTH CAROLINA v. CLAUDE CARROLL

No. 744SC195

(Filed 15 May 1974)

**Arrest and Bail § 6— disorderly conduct alleged — invalid arrest warrant — resistance proper**

     In a prosecution for resisting arrest, the trial court erred in failing to grant defendant's motion for nonsuit where the evidence tended to show that defendant owner protested when officers entered his guest house with no probable cause, no arrest warrant and no legal authority for the purpose of finding military deserters, defendant told the officers in no uncertain terms to leave the premises, the officers left and took out an arrest warrant for disorderly conduct, not in good faith but in retaliation for defendant's behavior, and there was a struggle when the officers tried to execute the invalid warrant.

APPEAL by defendant from *Tillery, Judge,* at the 13 August 1973 Session of ONSLOW Superior Court.

Heard in the Court of Appeals 16 April 1974.

This is a criminal action in which the defendant was charged in the district court with disorderly conduct and resisting arrest. He was found not guilty of disorderly conduct but was convicted of resisting arrest. He appealed to the superior court where he was again convicted of resisting arrest. The defendant, or his wife, is the owner of the Onslow Guest House in Jacksonville, North Carolina. The Onslow Guest House is a rooming and apartment house. At about 4:00 a.m. on 25 July 1973, two members of the Jacksonville Police Department, without a warrant or other legal authority, went to the Onslow Guest House to look for a Marine deserter. Officers Perkins and Thomas passed through a gate in the fence surrounding Onslow Guest House and, without knocking, entered the house and went up to the third floor. The policemen knocked on a door and questioned a Marine occupying that room. The officers returned to the first

State v. Carroll

floor and saw a man and a woman in a room together and said something to them about occupying a room for immoral purposes and to leave the door open. As the officers were leaving, they were met by Mr. and Mrs. Carroll by the porch steps. The Carrolls had been called from their home several miles away to the premises by the manager who testified the officers were roaming around upstairs checking identification cards and harassing the tenants. Mr. Carroll asked the officers why they were there, to which the officers replied that they were looking for deserters. Mr. Carroll asked if they had a warrant and the officers said "No." The defendant ordered the officers off the premises; and as they walked towards the gate, the defendant cursed them with vulgar epithets. Officers Thomas and Perkins were offended but restrained themselves. They left and went to a magistrate and obtained an arrest warrant for Mr. Carroll for creating a public disorder.

The officers testified that on their return to Onslow Guest House with Lieutenant Shiver and Officer Reed, they served the warrant on Mr. Carroll and proceeded to escort him out the gate and into the police car. They further testified that Mr. Carroll attempted to break away and struck Officer Perkins. Perkins then struck the defendant several times in an attempt to subdue the defendant and put handcuffs on him. The officers testified that several people from the porch started to come through the gate towards the officers; that the officers warned the people and then sprayed them with mace.

Mr. Carroll, Mrs. Carroll, the manager, and a tenant all testified that Mr. Carroll did not resist; that the officers slammed Mr. Carroll against the car and handcuffed him; that the officers then repeatedly hit Mr. Carroll with their fists and knocked him down; that Officer Perkins kicked the defendant and said, "Now we've got you, you son of a b ___"; that Officer Reed hit Mr. Carroll with a flashlight, and that when Mr. Carroll screamed and Mrs. Carroll and the manager came forward, they were sprayed with mace.

At the close of the State's evidence and again at the close of all the evidence, the defendant moved for judgment as of nonsuit, which motions were denied. From a verdict of guilty of resisting arrest and a sentence of 90 days in the Onslow County Jail, suspended upon the payment of a $250.00 fine plus costs, the defendant appealed.

---

---

*Attorney General Robert Morgan by Associate Attorney General Keith L. Jarvis for the State.*

*Turner and Harrison by Fred W. Harrison for defendant appellant.*

CAMPBELL, Judge.

It is common knowledge that the military frequently pays a bounty to those who turn in deserters. On the night in question, the officers involved, apparently acting as bounty hunters, with no probable cause, no warrant and no legal authority, simply entered the Onslow Guest House and began canvassing for deserters. The Onslow Guest House is private property, surrounded by a four-foot fence and open only to tenants and their guests. One of the specific duties of the manager, so he testified, was to prevent members of the public from wandering through the fence and into the Onslow Guest House. The officers were, in effect, trespassers and were told by Mr. Carroll, in no uncertain terms, to leave the premises.

The officers then took out an arrest warrant for Mr. Carroll for disorderly conduct in violation of G.S. 14-288.4(a)(2). This statute prohibits the creation of a "public disturbance." At all relevant times the defendant was on his own property, protecting it and his tenants from the harassment of trespassers. The officers were aware of this fact and knew or should have known that the Onslow Guest House was not a public place and that it was they and not Mr. Carroll who were acting illegally and outrageously. We think it clearly appears from the record that the arrest warrant was not taken in good faith but in retaliation and charged the defendant with an offense that was trumped up by the officers.

In *State v. McGowan,* 243 N.C. 431, 90 S.E. 2d 703 (1956), the North Carolina Supreme Court held that where police officers attempt an arrest under an invalid arrest warrant, the person sought to be arrested has a legal right to resist and that, in such instances, in prosecutions for resisting arrest, the defendant's motion for judgment as of nonsuit should be granted. See also *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970). The warrant in this case was most questionable under the circumstances; and the defendant, in resisting the arrest, did act within his legal right. We adopt the reasoning of *State v. McGowan, supra,* and hold that it was error not to grant the defendant's motion for judgment as of nonsuit.

Reversed.

Judges MORRIS and VAUGHN concur.