STATE OF NORTH CAROLINA v. OLIVIA TRUZY

No. 798SC452

(Filed 20 November 1979)

1. **Arrest and Bail § 6.1— arrest under warrant valid on its face—failure to state crime—no right to resist arrest**

   An individual does not have the right to resist an arrest by a police officer pursuant to a warrant issued by a magistrate which in all respects appears regular on its face but which fails to state a crime.

2. **Criminal Law § 146.1— appellate review without objection at trial**

   The statute providing for appellate review without objection at trial of errors based on the ground that "the criminal pleading charged acts which, at the time they were committed, did not constitute a violation of criminal law," G.S. 15A-1446(d)(3), applies only to appeals by defendants and not to appeals by the State.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 22 November 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 20 September 1979.

Defendant was arrested on 28 May 1978 for maintaining a public nuisance, "to wit: loud speakers that are attached to a tape player or some other musical machine that disturbs the entire neighborhood until late at night, in violation of . . . Common Law." On the following day defendant was served with an arrest warrant for unlawfully resisting arrest by public officers "by kicking with feet, scratching with hands and attempting to hit [County Deputy Sheriff] F. S. Greenfield in the privates [sic] parts of his body."

The original record reveals that the first warrant was issued by Magistrate Norbert B. Wilson and that the second warrant was issued by W. H. Greenfield (not "F. S." Greenfield, the name of the arresting officer, as indicated in the printed record).

The Appellant pled not guilty to both warrants at her trial in District Court on 1 September 1978 before Judge Arnold R. Jones. Defendant was found guilty of both public nuisance and resisting arrest.

Defendant appealed to Superior Court and the cases were tried in the one-week Superior Court Criminal Session in Wayne County which began 20 November 1978. On 22 November 1978 the presiding judge allowed a motion to quash the warrant charging the appellant with the offense of a public nuisance on the ground that the warrant failed to state a criminal offense. The State made no objection, exception or motion to this ruling in the trial division.

The second charge of resisting arrest was tried before a jury and the jury returned a verdict of guilty.

*Attorney General Edmisten by Assistant Attorney General Daniel F. McLawhorn for the State.*

*E. C. Thompson III for the defendant.*

CLARK, Judge.

[1] Only one issue has been properly raised in this appeal: whether an individual has the right to resist an arrest by a police officer with a warrant which has been issued by a magistrate, which in all respects appears regular on its face, but which fails to state a crime. The answer is "no."

Police officers are not members of the judicial branch. It is the duty of the courts, not the police, to determine whether an action is taken within the bounds of the law, and it is precisely for this reason that warrants for searches or arrests must be issued by an independent judicial officer. *State v. McGowan*, 243 N.C. 431, 432-33, 90 S.E. 2d 703 (1956). Once such a warrant has been issued it is the duty of the arrested person to comply with the warrant until other processes of our elaborate and protective judicial system can be invoked. Even though a warrant issued by a magistrate which appears regular on its face may not in fact state a crime, the determination of whether a crime was in fact charged is to be made by our courts, not private violence. It is unlawful for individuals outside the judicial process to forcibly resist a police officer who, without illegal entry and without excessive force, attempts to make an arrest pursuant to a warrant issued by an independent judicial officer. It would indeed be bad public policy to jeopardize the safety of police officers because they cannot determine the strict legal sufficiency of each warrant they must execute. *State v. Wright*, 1 N.C. App. 479, 488, 162 S.E. 2d 56, *aff'd on other grounds*, 274 N.C. 380, 163 S.E. 2d 897 (1968).

We are unable to consider other contentions by defendant because no narrative summary of the evidence, as required by N.C.R. App. P. 9(b)(3)(v) and 9(c)(1), has been provided by defendant's counsel. We note that the instructions of the trial court, which included a summary of the evidence offered by defendant, are not evidence and do not suffice to serve as a substitute for the narrative summary required by the rules.

[2] The State requests that this Court consider, pursuant to N.C. Gen. Stat. § 15A-1446(d)(3), whether the trial court erred in quashing the common law public nuisance charge. This section provides for appellate review, without objection at trial, of errors based upon a "criminal pleading [which] charged acts, which at the time they were committed, did not constitute a violation of criminal law." We hold that this subsection applies only to appeals by *defendants* who have been convicted of acts which do not constitute a crime. Quite simply, if the State believed that an act "did not constitute a violation of the criminal law," the State should have dismissed the case.

The general rule, as set forth in N.C. Gen. Stat. § 15A-1446(a) is that "error may not be asserted upon appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection or motion . . . ." No objection was made by the State to the trial court on this issue and we therefore hold that the general rule of N.C. Gen. Stat. § 15A-1446(a) applies.

Affirmed.

Judges HEDRICK and MARTIN (Harry C.) concur.