State v. Hewson

STATE OF NORTH CAROLINA v. ROBERT HUGH HEWSON

No. 8713SC402

(Filed 15 December 1987)

**Arrest and Bail § 6.2— resisting arrest—officers' illegal entry into defendant's home**

    The trial court erred by denying defendant's motions to dismiss charges of resisting a public officer where a dispatcher for the Sheriff's Department had in her possession an order for the arrest of defendant for contempt for arrearage in child support; the dispatcher radioed a deputy sheriff and informed him of the order for defendant's arrest; four officers drove to defendant's home and a deputy went up to some sliding glass doors on the rear of defendant's home, which were open but covered by sliding screen doors; the deputy knocked and defendant answered; the deputy identified himself, informed defendant that he had an order for his arrest, and asked defendant to go with him to the sheriff's office; defendant asked to see the order and the deputy replied that the order was at the sheriff's office; defendant refused to go with the deputy and an argument ensued; defendant closed and locked the sliding glass doors; and the deputy and three other officers entered defendant's house through an unlocked door, and arrested defendant. The order of arrest was issued for civil contempt and the record discloses no basis for the officers having probable cause to believe that defendant had committed a crime or that an exigent circumstance existed; therefore, under N.C.G.S. § 15A-401(b), without the order of arrest in their possession, the officers had no authority to enter defendant's home and could do so only with his consent. N.C.G.S. § 15A-401.

APPEAL by defendant from *Stephens, Judge.* Judgment entered 12 February 1987 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 29 September 1987.

Defendant was charged with resisting a public officer in violation of G.S. 14-223. At trial in the District Court, defendant was found guilty and sentenced. Defendant appealed for a trial *de novo* in Superior Court. The jury convicted defendant of the charged offense and defendant was sentenced to a term of 30 days, suspended on condition that defendant pay a fine of $100.00 plus costs. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Guy A. Hamlin, for the State.*

*Davey L. Stanley for defendant-appellant.*

PARKER, Judge.

Defendant has two assignments of error. Defendant's first assignment of error is that the trial court erred in denying defendant's motion to dismiss the charge at the close of the State's evidence and again at the close of all the evidence because the State's evidence failed to prove every element of the offense charged. Defendant's second assignment of error relates to the trial court's failure to instruct the jury on G.S. 15A-401(e).

The record shows that the trial court's interpretation of the North Carolina statutes covering arrests formed the basis of both the court's denial of defendant's motions to dismiss and the court's charge to the jury. We find that the trial court erred in denying defendant's motions to dismiss for the reasons set forth in defendant's first assignment of error.

The essential facts of this case are not in dispute. On 16 June 1986 the dispatcher for the Brunswick County Sheriff's Department received a call from a private investigator requesting assistance regarding nonsupport papers. The dispatcher had in her possession an order for the arrest of defendant, Robert Hugh Hewson, issued by the District Court of Moore County. The order stated that defendant was in contempt of court for arrearage in child support. The dispatcher radioed a deputy sheriff, Carl Pearson, and informed him of the investigator's request for assistance and of the order for arrest. Deputy Pearson met with two private investigators and three other officers at a shopping center. The four officers drove to defendant's home in two cars. One car was unmarked and the other was a marked patrol car. Deputy Pearson went up to some sliding glass doors on the rear of defendant's house. The glass doors were open, but the opening was covered by sliding screen doors. Deputy Pearson knocked and defendant answered. The deputy identified himself, informed defendant that he had an order for his arrest, and asked defendant to go with him to the sheriff's office. Defendant asked to see the order. The deputy replied that the order was at the sheriff's office. Defendant refused to go with the deputy; an argument ensued. At this point defendant closed and locked the sliding glass doors. After consulting with the chief deputy on the radio, Deputy Pearson and the other three officers entered defendant's house through a different door, which was unlocked. The officers found defendant

in his kitchen, placed him under arrest, and forcibly handcuffed him. Defendant was taken to Brunswick County jail where he was served with a copy of the order for arrest.

The specific question raised by this appeal is whether defendant's act of closing the glass door and locking himself in his house after he was informed by the deputy sheriff that there was an order for his arrest constituted resisting an officer in the exercise of his duty. Defendant argues that the trial court erred in denying his motions to dismiss the action because the State's evidence failed to show a lawful arrest—a necessary element of resisting arrest. In considering a motion to dismiss in a criminal case, the court must determine if there is substantial evidence of each element of the crime charged. *State v. Smith*, 300 N.C. 71, 78, 265 S.E. 2d 164, 169 (1980). The court must consider the evidence in the light most favorable to the State when making this determination. *Id.* If an arrest is not lawful, the person being arrested has a right to resist and, in a prosecution for resisting arrest, a motion to dismiss shall be granted. *State v. McGowan*, 243 N.C. 431, 90 S.E. 2d 703 (1956); *State v. Carroll*, 21 N.C. App. 530, 532, 204 S.E. 2d 908, 909-10, *cert. denied*, 285 N.C. 759, 209 S.E. 2d 283 (1974). Thus, if defendant's arrest in this case was not lawful, then the trial court erred in denying defendant's motions to dismiss.

Although defendant was arrested for civil contempt, G.S. 1-409 expressly provides that the rules governing civil arrest are not applicable to contempt. The legality of defendant's arrest must therefore be determined under the criminal arrest statute, G.S. 15A-401.

Before discussing the provisions of this statute, we note the basic rule of statutory construction that a statute dealing with a specific situation controls other sections which are general in their application. *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E. 2d 663, 670 (1969).

General Statute 15A-401(a)(1) provides that an officer with a warrant in his possession may arrest the person named therein at any time and at any place.

General Statute 15A-401(a)(2) provides that an officer who does not have a warrant in his possession, but who knows that a warrant has been issued and unexecuted, may arrest the person

named therein at any time. This provision of the statute does not give the officer without possession of the warrant authority to arrest the person at any place.

General Statute 15A-401(e)(1), pertaining to entry on private premises, provides that the officer may enter private premises or a vehicle to effect an arrest when the officer (i) has in his possession a warrant or order for the arrest of a person or (ii) is authorized to arrest a person without a warrant or order having been issued. By contrast with G.S. 15A-401(a)(2), this section applicable specifically to entry on private premises does not authorize an arrest based on knowledge that a warrant has been issued; the officer must actually have the warrant in his possession. Further, any arrest without a warrant must be authorized by statute, *see Alexander v. Lindsey*, 230 N.C. 663, 668, 55 S.E. 2d 470, 474 (1949), and the only statutory authority to arrest a person without a warrant having been issued is G.S. 15A-401(b), which requires probable cause that a criminal offense has been committed. In this case the order of arrest was issued for civil contempt, and the record discloses no basis for the officers' having probable cause to believe that defendant had committed a crime or that an exigent circumstance existed. Hence, under this statute, without the order of arrest in their possession, the officers had no authority to enter defendant's home, and could do so only with his consent.

The statute does not define "premises." Accepting, without deciding, for purposes of argument the State's position that G.S. 15A-401(a)(2) entitled the officers to approach defendant's house and knock on his door, the fact remains that under the circumstances, the officers had no authority to enter defendant's house to apprehend him.

The law does not require defendant to consent to the officers' entry without a warrant; hence, failure to consent cannot as a matter of law be resisting arrest. The fact that defendant closed the glass door was of no legal significance; a screen door and the missing order of arrest already insulated defendant from the officers. Unless we are prepared to say, which we are not, that there is a legal distinction between refusing to exit one's home to allow officers to make an arrest they could not otherwise make and refusing to consent to an unlawful entry into one's home to permit an arrest, defendant's conduct was not resisting arrest.

The constitutional protection surrounding the sanctity of the home cannot be so easily circumvented. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed. 2d 639 (1980); *United States v. Prescott*, 581 F. 2d 1343 (9th Cir. 1978); and *Miller v. United States*, 230 F. 2d 486 (5th Cir. 1956). A lawful arrest is an essential element of the crime charged. *State v. McGowan, supra.* "Officers have no duty to make an illegal entry into a person's home. Hence, one who resists an illegal entry is not resisting an officer in the discharge of the duties of his office." *State v. Sparrow*, 276 N.C. 499, 512, 173 S.E. 2d 897, 905-06 (1970).

Because the officers in this case had no right to enter, defendant cannot be convicted on the basis of resisting such entry. The State's evidence failed to show defendant's resistance to a lawful arrest. The trial court, therefore, erred in denying defendant's motions to dismiss at the close of the State's evidence.

Vacated.

Judges BECTON and JOHNSON concur.